In the Matter of Mark Kormes, Petitioner, v. Joseph H. Murphy et al., Constituting the State Tax Commission, Respondents.— This proceeding under article 78 of the Civil Practice Act seeks a review of the final determination of the State Tax Commission imposing, under article 16-A of the Tax Law, assessments of unincorporated business taxes against the petitioner for the years 1950, 1951 and 1952. Section 386 of the Tax Law defines the words "unincorporated business" and specifically excludes "the practice of law, medicine, dentistry, architecture which under existing law cannot be conducted under corporate structure, and any other case in which more than eighty per centum of the gross income is derived from the personal services actually rendered by the individual * * * in the practice of any other profession in which capital is not a material income producing factor." It is conceded in this case that capital is not a material factor to petitioner's income and more than 80% of his income is derived from his own personal services. The only issue is whether he is engaged in the practice of a "profession", and

it has been held that whether an occupation is a profession is a question of law (*Matter of Voorhees* v. *Bates,* 308 N. Y. 184). Petitioner has received the degree of Doctor of Philosophy from Columbia University, he is a fellow of the Casualty Actuarial Society, a member of the American Mathematical Society, the American Statistical Association and the American Academy of Science. Fellowship in the Casualty Actuarial Society is acquired by examination. A college degree is required, but no specific one. In certain colleges courses are given in actuarial science, but there is no such degree. The degree of bachelor of science is usually given, with actuarial science a major. Prior to becoming an independent consulting actuary, petitioner was employed by the National Bureau of Casualty and Surety Underwriters where he handled rate revisions on such insurance lines as automobile liability, burglary and health insurance. Later he made rates for the Workmen's Compensation Board, and then was employed by the New York State Insurance Fund in the evaluation of departmental procedures and the preparation of revisions and changes. Following the year 1940, in general he has been engaged in making studies, investigations and reports in various fields of insurance and in matters pertaining to the establishment of rates for pension funds. His services consist of making actuarial computations, studying financial data, analyzing and classifying experience data, etc. During the tax years in question he has rendered services to insurance companies, labor unions, Blue Cross organizations and private and commercial organizations, as well as governmental bodies and agencies. The educational background and the type of work performed by this petitioner did not, in our view, require the State Tax Commission to find that his vocation was a profession. The commission could find it similar to "management consultants", *Matter of Booz* v. *Bragalini* (2 A D 2d 639, motion for leave to appeal denied 2 N Y 2d 705); "Economic consultant", *Matter of Backman* v. *Bates* (279 App. Div. 1115, affd. 305 N. Y. 839) or "efficiency experts", *Matter of McCormick* v. *Bragalini* (8 A D 2d 885). It may well be that petitioner's relief and others in like positions would depend on legislative revision of article 16-A. As was stated by this court in *McCormick* (*supra,* p. 886): "it was never the legislative intent and purpose of the exemption clause to create professional exemptions to consultants who undertake to advise management as to its business or industrial affairs (*Matter of Pennicke* v. *Mealey,* 266 App. Div. 888; *Matter of Dewey* v. *Brown,* 269 App. Div. 887; *Matter of Booz* v. *Bragalini,* 2 A D 2d 639, motion for leave to appeal denied 2 N Y 2d 705)." The State Tax Commission has held that petitioner's activities are carried on in the field of business itself and do not constitute the practice of a separate profession. In our view the evidence sustains its determination. Determination unanimously confirmed, with $50 costs and disbursements. Present —Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.