■ In the Matter of SAUL WHITE, Petitioner, against JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which sustained assessments of unincorporated business taxes under article 16-A of the Tax Law, as against petitioner's contention that his work as a commercial artist constituted the practice of an exempt profession under the provisions of section 386 of the Tax Law which exclude from the application of the taxing statute the practice of certain named professions " and any other case in which more than eighty per centum of the gross income is derived from the personal services actually rendered * * * in the practice of any other profession and in which capital is not a material income producing factor." It is not disputed that more than 80% of petitioner's gross income was derived from his personal services and that capital was not a material income producing factor. Consequently, the sole issue is whether petitioner was engaged "in the practice of any * * * profession". Petitioner used the terms "commercial artist" and "commercial illustrator" interchangeably in describing his occupation. He operated as a "free lance", being paid for each advertisement that he was commissioned to and did illustrate. As demonstrative of his work he offered in evidence a department store advertisement of a bedspread which

appeared in a magazine circulated with a Sunday newspaper. The drawing was of a portion of a bedroom and showed the bedspread upon a bed with other furniture and furnishings in the background. In his testimony, which was couched in such generalities as to be not entirely clear, petitioner said that although the illustration was of actual objects, "the art lies in the drawing itself"; that there exists in his work the factor of "flexibility" which is denied the photographer; that he has "often changed layouts to make a better drawing" and "very often" is "consulted by the buyer and the art director as to what elements can go in." It is unquestionably true that the "layout" or arrangement of articles of merchandise, whether for display in a store window or for reproduction as a magazine advertisement, requires skill and an appreciation of the elements of sales appeal if not of aesthetic values; and that their reproduction, whether by drawing or photograph, may well be enhanced by artistic skill. It does not necessarily follow, however, that the artisan concerned is engaged in a profession rather than in a business. Ordinarily, the production and sale of advertisements — if the process were described in that bald language only — would be accounted a business activity. The Tax Commission found the additional refinements asserted in this case insufficient to require a departure from that concept. Upon this record we cannot hold arbitrary or capricious the commission's determination that "the taxpayer's activities, which consisted entirely of the execution of drawings or illustrations for business or commercial advertising purposes, constituted the carrying on of a taxable unincorporated business rather than the non-taxable practice of a profession within the meaning of Section 386 of the Tax Law". (Cf. *Glushak* v. *City of New York*, 6 A D 2d 381; *Matter of Wilson* v. *Bates*, 282 App. Div. 1099, motion for leave to appeal denied 306 N. Y. 984.) Determination unanimously confirmed, with $50 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.