■ In the Matter of PHILIP C. NILES et al., Petitioners, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— GREENBLOTT, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court, at Special Term, entered in Albany County) to review a determination of the State Tax Commission which confirmed a notice of tax deficiency. Petitioner Niles filed a joint income tax return with his wife for the year 1961 reporting total receipts of $42,035.71 from two clients, J. G. White and Co. and Berry Motors, Inc. In 1964 the State Department of Taxation and Finance issued a notice of deficiency of personal income tax due for the year 1961, covering an assessment of $1,284 plus penalty and interest for unincorporated business tax due pursuant to article 23 of the Tax Law. The sole issue on appeal is whether petitioners are exempt from such tax on the ground that the income involved was derived from the practice of a profession (Tax Law, § 703). Petitioner is a graduate of the Massachusetts Institute of Technology with a Bachelor of Science degree in electrical and mechanical engineering. He has had extensive experience in both governmental and private work and has been self-employed since 1946. In 1961 he performed services for J. G. White and Co., a banking firm, for which he prepared studies and reports concerning the function and design of industrial products and processes of firms in which White was considering investment. This entailed making technical judgments of product and research capabilities and required a utilization of professional engineering skill. Income derived from the practice of a profession is, under certain circumstances not here relevant, exempted from the unincorporated business tax pursuant to section 703 of the Tax Law. It is not however, every "advantageous utilization of professional knowledge in a business" that warrants the finding of exemption (*Matter of Sundberg* v. *Bragalini*, 7 A D 2d 15, 19) since this alone does not establish the practicing of a profession. Where a taxpayer undertakes to "advise management as to its business or industrial affairs", he is deemed to be engaged in a conduct of business itself rather than the practice of a profession as contemplated by the statute, and accordingly no exemption is available. (*Matter of Kormes* v. *Murphy*, 9 A D 2d 1003; *Matter of McCormick* v. *Bragalini*, 8 A D 2d 885.) Petitioner's advice was utilized by White and Co. in appraising potential for investment purposes. He was thus an integral participant in the conduct of

its banking business and not entitled to an exemption as to this portion of his income notwithstanding the highly technical nature of his work (*Matter of Hughes* v. *Murphy*, 21 A D 2d 134). On this record, respondent could find that the consultation work performed by petitioner for Berry did not constitute the practice of a profession within the meaning of section 703 of the Tax Law. While the record does not reveal the precise nature of petitioner's consulting activities, they apparently were concerned with the conduct of business itself and thus not entitled to exemption. (*Matter of McCormick* v. *Bragalini, supra.*) Determination confirmed, without costs, and petition dismissed. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.