In the Matter of MARVIN KONER, Petitioner, v. MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.

In the Matter of GOSTA PETERSON, Petitioner, v. MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.

Third Department, October 31, 1974.

*Jed B. Wolkenbreit* for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondents.

Sweeney, J. These are proceedings pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by orders of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission which sustained unincorporated business tax assessments imposed under article 23 of the Tax Law.

Petitioners have each been assessed unincorporated business tax liability upon income derived from free-lance photography. Petitioner Peterson was primarily engaged in editorial fashion photography. This work involved the supplying of photographs to express opinions concerning fashion. Koner was designated a photo-journalist. By his photographs he endeavored to relate a story as a writer might do with words. The works of both appeared in many of the so-called popular magazines. While petitioners have no business affiliation with one another, the legal issues in each proceeding are the same and this court has permitted joinder of their proceedings. The issue presented is one of law, as there are no factual disputes. Each petitioner maintains that he should be exempt from the tax assessment since he is a member of a profession within the purview of subdivision (c) of section 703 of the Tax Law, the pertinent parts of which provide as follows: "(c) Professions.— The practice of law, medicine, dentistry or architecture, and the practice of any other profession in which capital is not a material income producing factor and in which more than eighty per centum of the * * * income * * * is derived from personal services actually rendered by the individual * * * shall not be deemed an unincorporated business."

Concededly, two requisites of the section, i.e., that more than 80% of gross income was derived from personal services and that capital was not a material income producing factor, are not in dispute. The issue narrows to whether petitioners were engaged in a "profession" pursuant to the terms of the statute. The Tax Commission has determined that they were not, and we agree.

The record reveals that both petitioners are skilled photographers, although neither has a college degree in photography. Koner, however, received some formal training in photography while in the armed services.

On several occasions the appellate courts have considered the question of what constitutes a "profession" as specified in subdivision (c) of section 703 of the Tax Law. This court has recently set forth factors which should be taken into considera-

tion in determining whether a certain activity constitutes a profession. (*Matter of Rosenbloom* v. *State Tax Comm.,* 44 A D 2d 69.) In *Matter of Wilson* v. *Bates* (282 App. Div. 1099) a situation somewhat similar to the instant case was presented in which this court sustained the tax commission's denial of an exemption to a commercial artist who specialized in coloring photographs for advertising purposes. In a more recent case, *Matter of White* v. *Murphy* (11 A D 2d 854, affd. 9 N Y 2d 995), the tax commission's denial of an exemption to a commercial artist who did illustrations for business advertising which appeared in magazines was also sustained.

Primarily, we are concerned with the intent of the Legislature and, specifically, what was meant by the use of the words "the practice of any other profession." Several professions are enumerated in subdivision (c) of section 703, namely the practice of law, medicine, dentistry or architecture, and then follows the language, "and the practice of any other profession." These words must be read in conjunction with the professions listed under the rule of *ejusdem generis* (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 239, subd. b). The words "any other" which follow in line after an enumeration of things or classes are to be regarded as relating to similar things or classes, if the meaning intended is otherwise doubtful. (*Matter of Bowen* v. *Allen,* 17 A D 2d 12, 14, affd. 13 N Y 2d 663.) In our view, to be entitled to an exemption under this statute, in addition to the factors listed in *Rosenbloom,* the services performed must involve something more than the type of services generally performed by those in the broader categories of a trade, business or occupation (cf. Tax Law, § 703, subd. [a]). The services must also encompass some of the essential characteristics of the preceding enumerated professions. (See *Matter of Freeman,* 34 N Y 2d 1, 7.) Petitioners, who are, no doubt, skillful artisans, with several years of training and experience, nonetheless, were engaged in the business of photographically illustrating magazine articles. They were not devoted to public service in the traditionally professional sense, but sold their services to nonprofessional businesses. We conclude, therefore, that their activities constituted the carrying on of a business, rather than the practice of a profession. On this record, they have not sustained the burden of establishing that they came within the purview of the statute, and, as expressed in *Matter of Schmidt* v. *Bates* (282 App. Div. 980), a professional exemption should not be extended to new categories.

We find no merit in petitioners' other contention that to exclude them from exemption violates the Fourteenth Amendment's Equal Protection Clause. (*Lehnhausen* v. *Lake Shore Auto Parts Co.,* 410 U. S. 356; *Shapiro* v. *City of New York,* 32 N Y 2d 96.)

The determinations should be confirmed, and petitions dismissed, without costs.

HERLIHY, P. J. (concurring). The result reached by the majority in this case is mandated by the prior decisions of this court and the Court of Appeals and, accordingly, I join in the confirmance of the commission's determinations.

However, the facts in the present case tend to point out what would seem to be an unreasonable situation, the inequity of which might be resolved by the Legislature or by further interpretation by the Court of Appeals of the exemption involved in regard to the unincorporated business tax.

The rules of the commission directly acknowledged that the occupations of musicians and artists are classified as professions for exemption. (See 20 NYCRR 203.11.) It is now established that classification as a profession has nothing to do with the lofty ideals of an advanced type of knowledge in a given field of science or learning. While advanced learning or knowledge may enhance the occupation of musician or artist, it is common knowledge that generally success in those occupations is a matter of talent and individual characteristics. (Cf. *Matter of Voorhees* v. *Bates,* 308 N. Y. 184.)

In *Matter of Rosenbloom* v. *State Tax Comm.* (44 A D 2d 69, 71) this court listed four considerations as a guide to determining whether or not an occupation is a profession within the meaning of subdivision (c) of section 703 of the Tax Law. None of those factors would be inherent in supporting a determination that the occupations of musician and artist are professions.

While it is undeniably established that the question of whether or not a given occupation as pursued by a taxpayer meets the exemption status of a profession is one of law for the courts (*Matter of Voorhees* v. *Bates, supra,* p. 188), the inclusion of an occupation as exempt within the rules of the commission necessarily requires a valid distinction to deny the exemption to a taxpayer falling within the occupation. It is not contended that the petitioners herein are not artists.

The rules of the commission not only include the occupation of artist, they go on to deny the exemption where the talent is utilized for the conduct of business itself. (20 NYCRR 203.11

[b]).  In *Matter of White* v. *Murphy* (11 A D 2d 854, affd. without opn. 9 N Y 2d 995) this court affirmed a denial of exemption to an artist where his talent was used to create advertisements (pictorial) for a magazine.  The present case falls within the general principle of *White* as the artist is engaged in selling his services or product to further the business enterprise of selling magazines.  However, it cannot be overlooked that lawyers are often retained to draft contracts for businesses and to consult as to management policies in the area of labor relations and discrimination.  It is doubtful that any profession does not have the capacity to be utilized solely for the commercial purposes of the client for whom services are rendered.

It seems apparent that to some degree there is discrimination inherent in a rule which eliminates a taxpayer from the exemption as a profession because his service is used by his client for ordinary business and commercial purposes.  The petitioner, Peterson, in his testimony, stated that there are two types of photography:

" For instance, in advertising work, the photographer is given a layout which is a rough drawing of exactly what the advertiser wishes him to translate into photographs.  He is given complete direction, he is under total control of the advertiser or his agent.

" When a photographer does editorial work, he is a free agent to artistically interpret at his will the general theme which is given to him by the magazine."

Nevertheless, the prior determinations of this court and the Court of Appeals as to exemption from the unincorporated business tax based upon classification of an occupation as a profession mandate my concurrence in the confirmance of the commission's determinations herein.

I am of the opinion, however, that with the changing times and conditions and the enlargement of the statute by the rules and regulations of the tax commission (*supra*) serious consideration should be given to the over-all problem as it now exists.

STALEY, JR., KANE and REYNOLDS, JJ., concur with SWEENEY, J.; HERLIHY, P. J., concurs in a separate opinion in which STALEY, JR., SWEENEY, KANE and REYNOLDS, JJ., concur.

Determinations confirmed, and petitions dismissed, without costs.