In the Matter of NICHOLAS T. ARGIRO, Petitioner, *v.* NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.

Third Department, January 9, 1975.

*Dornbush, Mensch, Mandelstam & Schwartz (Fredric J. Gruder* and *Gary A. Goodman* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, P. J.   The petitioner is engaged in the occupation of industrial designer and for the years 1961, 1962, and 1963 he specialized in the design of toys for appropriate clients having an interest in the production and sale of toys.  The petitioner maintains that he should be exempt from the tax assessment because he is a member of a profession within the purview of subdivision (c) of section 703 of the Tax Law.

The decision of the State Tax Commission makes no finding as to whether or not the occupation of the petitioner is generally exempt from the unincorporated business tax but simply recites that, for the years in question, he was engaged in designing toys for production by toy manufacturers, and that his income was in the nature of royalties based upon the volume of sales of the toys.

It was decided some long time ago (1941) that the occupation of industrial designer is a profession which falls within the exemption provided by subdivision (c) of section 703 of the Tax Law from the unincorporated business tax (*Matter of Teague* v. *Graves,* 261 App. Div. 652, affd. without opn. 287 N. Y. 549).  In this proceeding there is no apparent dispute as to the fact that the petitioner is an industrial designer or as to his qualifications.

The Tax Commission seems to have rejected the petitioner's claim for exemption solely on the ground that during the questioned years he was engaged in toy designing and received his fee by way of royalties as the result of patents granted the petitioner and assigned by him to the toy manufacturer.  The petitioner's expert specifically testified that in the field of toy design the only distinction as opposed to other types of product entities would be that as to payment the ordinary method or the accepted method is that the fee of the designer be a percentage of the sales.

It is undisputed that on other occasions the petitoner had redesigned a dictating system and worked on the design of an IBM typewriter and a line of electric shavers.

From a reading of the decision of the commission, as we already noted, it is difficult to know the reasons for determining that the petitioner was not entitled to the exemptions of section 703 of the Tax Law.  If it was, as we assumed, because of the

method of payment, the commission was wrong. The method of payment alone should not determine such issue. Lawyers in certain types of litigation adopt contingent fees. Architects often work on a percentage of the costs of a project and certified shorthand reporters are paid by the number of pages. All professionals have a close relationship with a client and his business for which services are rendered.

The court has recently dealt with the problems arising from section 703 of the Tax Law. (See *Matter of Koner* v. *Procaccino,* 45 A D 2d 551.) In the *Koner* case, it was noted in the concurring opinion (p. 555) : " It is doubtful that any profession does not have the capacity to be utilized solely for the commercial purposes of the client for whom services are rendered." The *Koner* case dealt with the general profession of artists and the exclusion from the exemption from the unincorporated business tax where such talent was utilized for the conduct of business itself (20 NYCRR 203.11 [b] ; *Matter of White* v. *Murphy,* 11 A D 2d 854, affd. 9 N Y 2d 995). In the present case the art is clearly one of a scientific nature and could only be utilized in conjunction with the commercial purposes of the practitioners' clients. Accordingly, the principles discussed and applied in the *Koner* case as to artists which required a finding that the exemption was not applicabe to the petitioners therein are inapplicable to the present case. Upon the present record there is nothing which would reasonably indicate that the manner or method whereby the petitioner was paid for his services rendered would result in a lessening of the professional attributes of the occupation of an industrial designer.

As a matter of law, the petitioner's profession is exempt from the unincorporated business tax and the respondents have failed to establish that in the particular case the manner and method whereby the petitioner practices his profession is of such a nature as to deny him the exemption provided by subdivision (c) of section 703 of the Tax Law. (Cf. *Matter of De Vries* v. *Graves,* 266 App. Div. 1030, affd. without opn. 292 N. Y. 529.)

The determination should be annulled, without costs, and the matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, SWEENEY, KANE and MAIN, JJ., concur.

Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith.