■ In the Matter of JOSEPH F. GIORDANO, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a redetermination and sustained a notice of deficiency of unincorporated business taxes for the years 1961 and 1962. For the years 1961 and 1962, petitioner filed New York State resident income tax returns, but did not file unincorporated business tax returns. On October 25, 1965, respondent issued a notice of deficiency and a statement of audit changes which determined petitioner's liability for unincorporated business tax and interest for the years in question to be $1,377.85. Thereafter, petitioner filed with respondent a petition for redetermination of said deficiency, and he claims therein that he is a professional within the meaning of subdivision [c] of section 703 of the Tax Law and, therefore, exempt from the unincorporated business tax. Alternatively, he further claims that his income should be allocated as earned within and without New York State, pursuant to section 707 of the Tax Law, should it be determined that he is engaged in an unincorporated business. On both of these questions, respondent's ultimate determination was adverse to petitioner, and this proceeding ensued. Considering initially petitioner's alleged exemption from the unincorporated business tax as a professional, we find that respondent's determination must be confirmed. For 1961 and 1962, petitioner's income came from four large furniture manufacturing companies, and his services consisted primarily of the preparation of designs for various pieces of furniture from plans provided by the individual companies. Although his duties apparently required some degree of engineering, artistic and drafting skills, factors previously held by this court to be indicative of activity constituting the practice of a profession are not present here. Thus, petitioner lacks an extensive educational background of the sort which leads to an advanced degree in science or learning, and there is no licensing requirement for the job which he performs. Additionally, there has been no showing of standards of conduct, ethics or malpractice liability for his occupation, and there is no barrier to carrying on said occupation as a corporation (see *Matter of Rosenbloom v State Tax Comm.*, 44 AD2d 69, mot for lv to app den 34 NY2d 518). Rather than being "devoted to public service in the traditionally professional sense", petitioner sold his services to nonprofessional businesses *(Matter of Koner v Procaccino,* 45 AD2d 551, 553, affd 39 NY2d 258) and carried on his activities "in the field of business itself" *(Matter of Kormes v Murphy,* 9 AD2d 1003, 1004, mot for lv to app den 8 NY2d 706; see, also, *Matter of Niles v Murphy,* 34 AD2d 862, affd 31 NY2d 848). Accordingly, he was properly denied an exemption. With regard to petitioner's claimed entitlement to an allocation of his income pursuant to section 707 of the Tax Law, we likewise confirm respondent's determination. During the tax years in question, petitioner worked a total of only 34 days without the State, and said work was performed in office space provided and maintained by the individual furniture manufacturing concerns and not petitioner. Such being the case, it cannot rightly be said that petitioner had a regular place of business without the State which was "systematically and regularly used by the unincorporated business entity in carrying on its business" *(Matter of McMahan v State Tax Comm.,* 45 AD2d 624, 627, mot for lv to app den 36 NY2d 646), and, therefore, he was not entitled to an allocation. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Mahoney, Main and Reynolds, JJ., concur;

Herlihy, J. concurs in part and dissents in part in the following memorandum. Herlihy, J. (concurring in part and dissenting in part). There can be no doubt that the petitioner is possessed of a valuable and individualistic skill in the nature of a talent. The apparent skills involved are not those which one would ordinarily find utilized in a mere occupation or trade as the concept of "artist" is necessarily embodied in the services rendered by the petitioner. In *Matter of Koner v Procaccino* (45 AD2d 551, 554, affd 39 NY2d 258) this court observed that the factors set forth in *Matter of Rosenbloom v State Tax Comm.* (44 AD2d 69, mot for lv to app den 34 NY2d 518) could not be the exclusive test of determining a profession. While the existence of such factors as established standards of conduct, advanced educational background and licensing are evidence of a profession, it is now established that they are not essential either individually or collectively to support a finding that an individual is carrying on a profession. *(Matter of Koner v Procaccino, supra;* 20 NYCRR 203.11 [b]). It should be noted that originally the petitioner had sought to establish before the respondent that he was an employee. Upon the present record it appears that he has very little independence in the performance of his work and has little of the appearance of an entrepreneur; however, he withdrew this issue during the administrative hearing and stipulated he was an independent contractor. Nevertheless, the record establishes beyond peradventure that the petitioner was performing services solely for the use of his clients in ordinary business and commercial purposes and would not be exempt even if he were found to be engaged in a profession. (See *Matter of Koner v Procaccino, supra.)* Section 707 of the Tax Law provides in subdivision (a) that the income of an unincorporated business should be allocated to this State when "an unincorporated business is carried on both within and without this state, as determined under regulations of the tax commission". Section 207.2 of the respondent's regulations (20 NYCRR 207.2) implements that provision of the Tax Law. In subdivision (a) thereof it is provided that generally business is carried on at any place where the business has a "regular place of business". A regular place of business is defined as: "any bona fide office * * * or other place which is systematically and regularly used * * * in carrying on its business." Subdivision (b) provides in part that it "does not have a regular place of business outside this State merely because sales may be made to, *or services performed* for * * * persons or corporations located without the State" (emphasis supplied). Subdivision (c) provides that where any question exists as to whether or not there is a regular place of business outside the State, all facts relating to the business must be considered, including "(1) the nature of the business, (2) the type and location of each place of business used in the activity, (3) the nature of the activity engaged in at each place of business and (4) the regularity, continuity and permanency of the activity at each location." It is readily apparent that the regulation of the respondent implementing subdivision (a) of section 707 of the Tax Law does not establish any clear cut definition of a "regular place of business" outside this State. The petitioner contends that he is entitled to allocate his income. The respondent found that on 34 days during the years 1961 and 1962 the petitioner worked at offices outside the State and particularly: "Petitioner earned some of his income without the State in 1961 and 1962." It then went on to find that "all of his income from furniture designing was subject to [the] tax". The record establishes that the petitioner's services were so interrelated with the three or four factories by whom he was employed that the majority of his services had to be performed at the employer's premises. He was paid on an annual salary basis

by the employers through monthly checks. As he completed a project at the out-of-State premises he would return home, and complete miscellaneous details here in New York of the design, the rest of his time being solely his own even though he was drawing monthly checks. The petitioner used one room in his home as working space and it is his New York office. He was not listed in the telephone directory as a business in New York; however, he does have letterhead stationery. The record establishes that the out-of-State employers maintained specific offices in the factories for the petitioner's sole use. It is to be emphasized that, unlike an accountant who visits a client's premises to analyze books and/or record information, the petitioner is at the out-of-State premises for the purpose of creating the designs of furniture. In any event, it is undisputed that he had office space set aside for his sole use at the factories and was not simply sharing space with factory employees or other business visitors. The findings of the respondent are insufficient to support the conclusion that the income is all subject to the tax without allocation and, the record does not contain substantial evidence which would support a finding that the petitioner did not have a bona fide office outside the State at which he systematically and regularly carried on his occupation. The determination should be confirmed insofar as it finds the petitioner is not exempt from the unincorporated business tax; however, it should be annulled insofar as it finds that all of his income during 1961 and 1962 is subject to such tax and remitted to the respondent for further proceedings and findings as to the allocation of income, if any, and, as so modified, confirmed.