■ In the Matter of RICHARD B. PERLMAN, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment for the years 1968 and 1969 imposed under article 23 of the Tax Law. Petitioner, a graphic designer, seeks an exemption from unincorporated business tax upon the ground that his business activities qualified as the practice of a profession within the meaning of subdivision (c) of section 703 of the Tax Law. Petitioner attended Pratt Institute, School of Art and Design, and received a Bachelor's Degree in Fine Arts. Petitioner's activities in graphic and industrial design involved the creation, planning and execution of visual concepts through the medium of print. He was principally engaged in counseling business, banking and nonprofit institutions in the dissemination of information and the creation of publications for that purpose. He provided a design and consulting service for corporations which produce literature of various types. The only issue presented for resolution is whether petitioner is engaged in the practice of a profession. The term "profession" implies "knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study" (People ex rel. Tower v State Tax Comm., 282 NY 407, 412; Matter of Rosenbloom v State Tax Comm., 44 AD2d 69, mot for lv to app den 34 NY2d 518). "In determining what activity constitutes the practice of a profession consideration should be given to the following factors: (1) a long-term educational background generally associated with a degree in an advanced field of science or learning; (2) the requirement of a license which indicates sufficient qualifications have been met prior to engaging in the occupation; (3) the control of the occupation by standards of conduct, ethics and malpractice liability; and (4) the barrier to carrying on the occupation as a corporation" (Matter of Rosenbloom v State Tax Comm., 44 AD2d 69, 71, supra). Petitioner was not required to obtain a license to carry on the activities of a graphic designer. Petitioner's occupation was not controlled by standards of conduct, ethics and malpractice liability and petitioner could have carried on the activities in a corporate form. "Rather than being 'devoted to public service in the traditionally professional sense', petitioner sold his services to nonprofessional businesses (Matter of Koner v Procaccino, 45 AD2d 551, 553, affd 39 NY2d 258) and carried on his activities 'in the field of business itself' ". (Matter of Giordano v State Tax Comm., 52 AD2d 691; 20 NYCRR 203.11 [b] [4].) This court has denied the exemption to a designer of furniture (Matter of Giordano v State Tax Comm., supra), a commercial photographer (Matter of Koner v Procaccino, supra) and a commercial artist (Matter of White v Murphy, 11 AD2d 854, affd 9 NY2d 995). We conclude that petitioner's activities constituted the carrying on of a business rather than the practice of a profession. Petitioner has not sustained the burden of establishing that he came within the purview of the statute, and since there are facts or reasonable inferences to be drawn from the record to support respondent's determination, it should be confirmed (Matter of Young v Bragalini, 3 NY2d 602; cf. Matter of Howard v Wyman, 28 NY2d 434). Determination confirmed and petition dismissed, without

costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.