■ In the Matter of RICHARD J. L. HERSON, as Executor of THEODORE BENNAHUM, Deceased, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the New York State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term) entered in Albany County, to review a determination of the State Tax Commission, which sustained an unincorporated business tax

assessment imposed under section 701 of the Tax Law. Petitioner is the executor of the estate of Theodore Bennahum, the taxpayer involved herein. During the period 1962-1972, decedent participated in the formation and development of a group of affiliated corporations in Europe and the United States which were concerned with the financial, heavy industrial and energy needs of France and French speaking North Africa. Later these companies became involved in similar opportunities in Iran, Mexico and South America. Decedent owned stock in each of the corporations, usually about 17% of the shareholders' equity, and served as an officer and director of them. He was involved in energy development, and searched for appropriate business opportunities for all of his companies. He was paid an alleged salary by each of the corporations. The tax commission contested the characterization of the payments as salary and, instead, termed the decedent's work to be that of an independent contractor since he had multiple employers. The decedent performed services for Klehe & Co. headquartered in Paris, France; Project Development Co. located in Geneva, Switzerland; Project Development Company West which had its headquarters in Panama; and Planet Oil and Mineral Corporation located in New York. In addition to performing services for the said corporations, decedent also was the manager for international relations during 1970 and 1971 for Reynolds (Etablissement Regnault) a French corporation. French income taxes were withheld from his salary, and he claimed a credit for the French tax paid on his Federal tax returns in the United States for the income taxes paid in France. Decedent was a stockholder, officer and a director of this corporation also. In 1971, decedent arranged long-term financing through a Swiss bank for Marine International Corporation of Newark, New Jersey, for which he received 15,000 shares of common stock. On his 1970 Federal income tax return wherein he listed his occupation as "Consultant", decedent reported gross receipts of $76,974 of which the following sums were reported as being received from the afore-mentioned corporations as follows:

Gross Receipts:

| | |
|---|---|
| (1) Planet Oil & Mineral Corp. | $24,000 |
| (2) Project Development West, Inc. | 15,000 |
| (3) Reynolds | 13,074 |
| (4) Klehe & Co. | 24,900 |
| Total Gross Receipts | $76,974 |

On his 1971 Federal income tax return wherein he listed his occupation as "Consultant", decedent reported gross receipts of $132,530 received from the afore-mentioned corporations as follows:

Gross Receipts:

| | |
|---|---|
| (1) Planet Oil & Mineral Corp. | $ 3,923 |
| (2) Project Development Company | 86,500 |
| (3) Project Development West, Inc. | 1,500 |
| (4) Reynolds | 17,107 |
| (5) Marine International | 10,000 |
| (6) Klehe & Co. | 13,500 |
| Total Gross Receipts | $132,530 |

From these gross receipts, decedent deducted expenses of $20,846. Decedent also computed and paid the Social Security self-employment tax based on net earnings of $124,617 for self-employment. Decedent filed a New York State resident income tax return wherein he listed his occupation as "Consultant". Decedent and his wife filed joint New York State resident income tax returns for 1970 and 1971. Submitted with these returns were analyses of the Federal income tax Schedule C filed by decedent for his "profit (or loss) from business or profession". On November 11, 1975, the New York State Income Tax Bureau issued a statement of audit changes superseding a previous statement dated October 16, 1974 indicating that the decedent was subject to unincorporated business tax on his business income in 1970 and 1971. Petitioner contends that decedent-taxpayer, during 1970 and 1971, was an employee of the corporations for which he performed services within the meaning and intent of subdivision (b) of section 703 of the Tax Law, and, therefore, decedent was not subject to the unincorporated business tax. The respondent State Tax Commission found: "(a) That the decedent in the period 1962 to 1972 participated in the formation and development of a group of affiliated corporations in Europe initially interested in the financial, heavy industrial and energy needs of France and French-speaking North Africa. (b) General instructions as to projects to be pursued and limitations on his authority were given to decedent by the Board of Directors of each of the corporations, all of which were operated largely through Klehe and Co. from its Paris headquarters. These boards set the varying salary of decedent in each of the corporations in all of which he held equal stock ownership. (c) On his United States Federal income tax returns, decedent was denominated as 'Consultant'." The State Tax Commission concluded that decedent was in the business of selling his unique services in the financing, operating and developing of industrial, oil and mineral resources in Teheran, North Africa and South America in 1970 and 1971; that while the payments he received for his services rendered for each of the affiliated corporations was called "salary", such payments did not result in decedent's being an employee within the provisions of subdivision (b) of section 703 of the Tax Law. The tax commission observed that where an individual is subject to the control of another merely as to the result to be accomplished and not as to the means for accomplishing the result, he is usually deemed an independent agent rather than an employee. The State Tax Commission concluded that there was no evidence that any of the corporations directed or controlled decedent to the extent necessary in an employer-employee relationship; and that thus the services rendered by decedent to the various corporations of which he was a stockholder, officer and director constituted his carrying on of a business subject to the unincorporated business tax for the years 1970 and 1971. The regulations set forth the criteria by which the commission measures employee status. One of the important factors is the right of the employer to direct the services which the individual performs, not only as to what should be done, but also as to the manner in which it is to be performed. Another is whether the individual is required to work stated hours and days. If the employer provides the individual with equipment and an office, then this is another indication of the individual's employee status. Working for multiple employers is also a factor tending to establish that the person is an independent contractor. Decedent claimed New York as his residence, deducted rent on his New York apartment because of its business use and filed tax returns claiming that he had not earned any income outside the United States. It appears, then, that decedent conducted his unincorporated consulting business from

his New York apartment, and that all his fees were attributable to that business. Decedent, although an officer and a director of most of the companies with which he was involved, conducted himself in some ways as an independent contractor. He worked for several companies. His work was not the sort which could be easily directed as to the manner in which it was conducted, nor did he work stated days and hours. Only one company withheld income taxes for the work performed, and only one provided him with an office. The regulations say that an individual's designation of his employment status will not necessarily be determinative. This does not mean that the commission cannot take it into account. Based upon the record, there is sufficient and substantial evidence for the tax commission to have found that decedent was not an employee, but rather an independent contractor. Since the decision does not appear to be erroneous, arbitrary or capricious, it should be confirmed (*Matter of Liberman v Gallman,* 41 NY2d 774; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.