■ In the Matter of CORNELIUS DU BOIS, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax deficiency assessment for the years 1969, 1970, 1971 and 1972, under article 23 of the Tax Law. The petitioner earned income through self-employment as a research consultant in the field of market and opinion research. He reported his self-employment on his personal income tax returns (IT-208) for the years 1969-1972, but filed *no* unincorporated business tax returns. He did attach to each personal income tax return a note or statement to the effect that he was engaged in a profession and disclaimed liability for the unincorporated business tax on that ground. The petitioner contends that as to the years 1969 and 1970 the three-year period within which a tax could be assessed had run and the assessment for those years was barred (Tax Law, § 683, subd [a]). However, it is well established that the three-year period does not run until the unincorporated business tax return is filed *(Matter of Hewitt v Bates,* 297 NY 239). *Assuming* that the Form IT-208 might contain such a full disclosure as to be the equivalent of the filing of an unincorporated business tax return, the present returns were inadequate as they did not detail the nature of the business activity *(Matter of Arbesfeld, Goldstein v State Tax Comm.,* 62 AD2d 627). The petitioner's attempts to distinguish the *Hewitt* case are unpersuasive. The petitioner further contends that he is exempt from the unincorporated business tax because he is engaged in a profession. It is well established that the burden of proving an exemption is upon the petitioner and he does not meet the judicially established tests for a profession as set forth most recently in *Matter of Perlman v State Tax Comm.* (63 AD2d 762). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.