◼ In the Matter of GRAHAM D. MATTISON, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the imposition of an unincorporated business tax. During 1966, 1967 and 1968, the substantial portion of petitioner's income was derived from commissions he received as trustee of about 15 trusts involving four families. He filed New York State resident income tax returns for those years, but did not file unincorporated business tax returns. Following a hearing, the State Tax Commission concluded that petitioner's activities in managing the trusts constituted the carrying on of an unincorporated business subject to the unincorporated business tax. Petitioner in earlier years had practiced law as a partner of the law firm of White & Case, and later as a partner of the investment banking firm of Dominick & Dominick until he retired in 1962. The trusteeships which he took on had their origin in personal relationships which he developed while associated with these firms, but he was retained as trustee after he retired. However, one trust was created after he retired. During 1966, 1967 and 1968, petitioner maintained a one-room office on the 30th floor of 14 Wall Street, New York, New York, where he employed a secretary (who had been with him at White & Case and Dominick & Dominick) to, according to petitioner, keep his personal and tax records and attend to his personal correspondence. Petitioner reported his trustee commissions partly in Schedule B and partly in Schedule C of his Federal income tax returns. According to Schedule B, his trustee commissions amounted to $159,903.30 in 1966; $178,885.40 in 1967; and $208,627.13 in 1968. On Schedule C, he stated that his "business location" was 14 Wall Street, and he took business deductions for trust and entertainment expenses, for rent on his Wall Street office and for the salary of his secretary. Petitioner made decisions as trustee or cotrustee after receiving investment advice from over 20 banks, brokers and investment firms in at least seven countries. In all cases the securities were held in custodian accounts in New York and abroad, and petitioner's decisions as trustee were made wherever he happened to be. The Tax Law imposes a tax upon the income of an unincorporated business (Tax Law, § 701, subd [a]), which is defined as "any trade, business or occupation" conducted by, among others, fiduciaries (Tax Law, § 703, subd [a]). Subdivision (b) of section 703 provides that the "performance of services by * * * a fiduciary, shall not be deemed an unincorporated business, unless such services constitute part of a business carried on by such individual." At the outset, we reject petitioner's reliance upon the first paragraph of 20 NYCRR 203.10 (d), which was promulgated pursuant to subdivision (b) of section 703 of the Tax Law. The first paragraph of that regulation merely addresses itself to the question of whether services performed by a fiduciary in furtherance of other business activities of the fiduciary are subject to the unincorporated business tax. The issue before us is not whether the activities of petitioner in managing the trusts were in furtherance of his other business activities, but rather whether the activities themselves constitute a "trade, business or occupation" (Tax Law, § 703, subd [a]; 20 NYCRR 203.1, 203.2). In our view, the record considered as a whole contains substantial evidence to support the determination of the Tax Commission that petitioner through his trustee activities was engaged in the conduct of an unincorporated business. The second paragraph of 20 NYCRR 203.10 provides that "Where an individual

maintains an office or employs assistants * * * as [a] fiduciary * * * the services so performed will be deemed part of a business regularly carried on if the individual regularly performs or offers to perform similar services to the general public on an individual basis." The record discloses that *after* petitioner's retirement in 1962, he became trustee of one trust. We thus find unpersuasive his contention that he was not holding himself out for business as trustee (20 NYCRR 203.10 [d]), and conclude that because of the trust acquired after his retirement, the Tax Commission could rationally find that he was holding himself out for business. Petitioner maintains that his Wall Street office was not used to perform any trust functions but that it was only used to attend to his personal correspondence and tax returns. However, the fact that petitioner's decisions as trustee were made wherever he happened to be, and, in 1966, he spent 144 days in New York, 117 days in 1967, and 135 days in 1968, provided a rational basis to conclude that petitioner in fact utilized the office to conduct the affairs of the trusts. Next, based upon the number of trusts and the sheer size of petitioner's trustee commissions, his activities as trustee must have been continuous, frequent and regular, as distinguished from casual or isolated, and demonstrate that a substantial amount of time, thought and energy were devoted to his trust activities (see 20 NYCRR 203.1 [a]). Indeed, petitioner obtained investment advice for trust investment purposes from numerous banks, brokers and investment firms in several countries. Furthermore, on Schedule C of his Federal tax returns, entitled "Profit (or Loss) From Business or Profession", petitioner took considerable "business deductions" including the rent he paid on "business property", i.e., the Wall Street office, travel and entertainment expenses and the salary he paid his secretary. Judicial review of Tax Commission's determinations is limited and a determination of the Tax Commission will not be annulled unless shown to be erroneous, arbitrary or capricious *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196). If there are any facts or reasonable inferences from the facts to sustain the State Tax Commission's determination, it must be confirmed *(Matter of Liberman v Gallman,* 41 NY2d 774, 777; *Matter of Tripp v State Tax Comm.,* 53 AD2d 763, 764). It is settled that we may not substitute our judgment for the Tax Commission's "where reasonable minds may differ as to the probative force of the evidence" *(Matter of Liberman v Gallman,* supra, p 779). In the case at bar, the facts and reasonable inferences therefrom provide a rational basis to sustain the Tax Commission's determination and it, therefore, must be confirmed. Lastly, we note that all of petitioner's income attributable to the activities in issue must be allocated to New York State since he did not have a regular place of business outside of New York (Tax Law, § 707, subd [a]). That petitioner had available for his use an office located abroad merely for purposes of "personal correspondence" does not entitle him to allocate the income. (See, e.g., *Matter of Giordano v State Tax Comm.,* 52 AD2d 691.) Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott and Herlihy, JJ., concur.

Staley, Jr., and Mikoll, JJ., dissent and vote to annul in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). The sole issue affecting all the years in issue is whether petitioner is subject to the unincorporated business tax by reason of acting as trustee or cotrustee of various trusts so as to constitute the carrying on of business. Respondent found that petitioner was not an investment counsel to the trusts, but he was a trustee of the trusts, and made decisions as trustee or cotrustee after receiving investment advice from banks, brokers and investment firms. "The

trusteeships which he took on, he took on as an incident to his work as a lawyer at White & Case or to his work as the Partner in Charge of the Foreign Department at Dominick & Dominick." While he was trustee of about 15 trusts, all of these trusts had their origin in personal relationships which he developed, and involved only four family groups. Only one trust which was created for the benefit of the same family group was created after he left Dominick & Dominick. Respondent concluded that petitioner was engaged in an unincorporated business in accordance with the meaning and intent of section 703 of the Tax Law. Petitioner contends that while his income as trustee of these trusts was substantial, that it was not income from a trade or business; that he was not a professional trustee; and that the commissions of a trustee were not business income for the purpose of the unincorporated business tax, unless he was in the business of being a trustee. He further contends he did not hold himself out to the public as a trustee, and did not offer to perform such services to the general public on an independent basis. Subdivision (a) of section 703 of the Tax Law defines an unincorporated business as any trade, business or occupation conducted or engaged in by an individual or unincorporated entity, including a fiduciary. Subdivision (b) of section 703 states: "The performance of services by an individual as an employee or as an officer or director of a corporation, society * * * or as a fiduciary, shall not be deemed an unincorporated business, unless such services constitute part of a business regularly carried on by such individual." The main issue is whether the activities of petitioner as trustee of the various trusts constituted part of a business regularly carried on by him. Subdivision (d) of 20 NYCRR 203.10, relating to persons subject to the unincorporated business income tax, provides that personal services rendered by a fiduciary will ordinarily be deemed part of a business regularly carried on by such individual if such services are performed in furtherance of or for the direct benefit of other business activities or occupational activities the conduct of which constitutes an unincorporated business. Services performed by a fiduciary will not be deemed to be performed in furtherance of or for the direct benefit of other business activities if the services of the fiduciary are undertaken and performed entirely independently of any other business activity engaged in by the fiduciary. It is clear that petitioner did not perform services for the furtherance of some other business, since he retired in 1962 and his other income, such as director's fees, dividends, interest, oil and gas royalties was not derived from a business, trade or occupation. Under the provisions of law relating to the unincorporated business income tax, an individual is not deemed to be engaged in an unincorporated business with respect to compensation for services rendered by him as a fiduciary unless such compensation constitutes receipts of a business regularly carried on by such fiduciary (20 NYCRR 281.3). In the construction of tax statutes, the term "business" has been limited to connote something more than the investment of funds and the collection of income therefrom with the incidental replacement of securities and the collection of income of the investments that constitute the corpus of the trust. "Where an individual maintains an office or employs assistants in connection with the performance of services as an employee, officer, director or fiduciary for one or more employers or other principals, the services so performed will be deemed part of a business regularly carried on if the individual regularly performs or offers to perform similar services to the general public on an independent basis." (20 NYCRR 203.10 [d].) Petitioner did not, in his capacity as trustee, "perform or offer to perform similar services to the general public." The four family groups with

which petitioner has been intimately associated for so many years, and for which he has been a trusted confidant, hardly constitute the general public. The carrying on of a trade or business involves holding one's self out to others as engaged in the selling of goods or services *(Deputy v du Pont,* 308 US 488; *McDowell v Ribicoff,* 292 F2d 174). The concept of business denotes a systematic and continual effort to engage in additional transactions. It is difficult to see how a business exists if the "businessman" does not attempt to solicit any further business or does not hold himself out as being available to do business. An individual, especially an attorney, who because of his wisdom and prudence has been asked to serve as a trustee of various trusts of individuals with whom he has been closely associated and does not at all solicit the trusteeship of other trusts, clearly is not engaged in the business of being a trustee. It is submitted that both under the construction given to statutory language similar to the language of the statute here involved and under the express provisions of the current regulations interpreting the statute, petitioner was not engaged in an unincorporated business under the circumstances here, and, therefore, should not be subjected to the New York State unincorporated business tax for the years 1966-1968.