■ In the Matter of WILLIAM J. WELCH, as Guardian ad Litem of JOSEPH A. MARTINO, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law. Petitioner William J. Welch is the guardian ad litem for Joseph A. Martino on whose behalf he commenced the instant proceeding to challenge an unincorporated business tax assessment for the years 1969 and 1970. It is conceded that Martino was totally incapacitated by a series of strokes which he suffered during 1968 and February of 1969 and that he was a member of the board of directors of seven corporations for the years 1969 and 1970. On June 24, 1974, the State Income Tax Bureau issued a statement of audit changes and a notice

of deficiency imposing unincorporated business taxes against Martino for 1969 and 1970 based upon the remuneration he received as a director of the various corporations, and in response Martino sought a hearing on the assessment before respondent State Tax Commission. The requested hearing was subsequently conducted on May 26, 1977, after which respondent confirmed the tax bureau's decision insofar as it held that the director's fees in question were subject to the unincorporated business tax. There followed the present proceeding which was transferred to this court by Special Term. We hold that the challenged determination should be annulled. Respondent's basic position is that Martino was engaged in the business of being a director of corporations and that, consequently, his income received as a director is subject to the unincorporated business tax. In our judgment, however, the mere fact that he was a director for seven corporations is insufficient by itself to warrant the conclusion that he was engaged in an unincorporated business (cf. *Matter of Britton v State Tax Comm.,* 22 AD2d 987, affd 19 NY2d 613). Moreover, there is no evidence that, during the years at issue, he was offering his services as a director to the general public or seeking additional directorships or that he maintained an office or employed assistants to carry on his alleged business. Significantly, respondent itself made a finding of fact to the effect that Martino was "totally incapacitated" by his series of strokes and "could neither speak, write nor participate in any business activity" and then, inexplicably, concluded as a matter of law that Martino was regularly carrying on a business during 1969 and 1970. Given all of these circumstances, we can only conclude that respondent's determination is irrational and arbitrary and without substantial evidentiary support (see *Matter of Mattison v State Tax Comm.,* 68 AD2d 974, 977 [dissenting opn by Staley, Jr., J.], revd 49 NY2d 838, on dissenting opn), and, accordingly, it must be annulled. In so ruling, we lastly note that cases relied on by respondent, such as *Matter of Herson v Tully* (65 AD2d 638, mot for lv to app den 46 NY2d 711), are factually distinguishable from the present situation and involve far more substantial activities by taxpayers than those of Martino here. Petition granted and determination annulled, with costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.