■ In the Matter of Louis I. Garisto, Petitioner, v James H. Tully, Jr., et al., Constituting the New York State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law. During the years at issue, 1968-1970, petitioner, a well-respected musician, received his income as a composer, scorer and orchestrator of music produced to accompany television films, some of which were commercial messages. In fact, it is uncontroverted that during this period, approximately 70% of petitioner's income was derived from his work on television commercials. In 1976, petitioner and his wife received a notice of deficiency for unpaid unincorporated business taxes for the years 1968-1970. Petitioner denied he owed any unincorporated business tax, claiming that all his activities constituted the practice of a profession and, accordingly, were exempt from the unincorporated business tax (Tax Law, § 703, subd [c]). After a hearing, the State Tax Commission (commission) determined that the activities of petitioner with respect to creating music for commercial messages concerned the conduct of business itself and, therefore, did not constitute professional activities exempt from unincorporated business tax. The 30% balance of petitioner's income was found not to be subject to unincorporated business tax. Further, the commission canceled the notice of deficiency asserted against petitioner's wife. The sole question presented in this proceeding is whether or not the income petitioner derived from his work on television commercials is exempt under subdivision (c) of section 703 of the Tax Law as income derived from the practice of a profession. Upon the instant record we are unable to find arbitrary or capricious the commission's determination that petitioner's activities, insofar as they related to the creation of music for commercial messages, constituted the carrying on of a taxable unincorporated business rather than the nontaxable practice of a profession within the meaning of subdivision (c) of section 703 of the Tax Law (see *Matter of Koner v Procaccino,* 39 NY2d 258,

263-265; *Matter of Scott v State Tax Comm.,* 54 AD2d 810; *Matter of White v Murphy,* 11 AD2d 854, affd 9 NY2d 995). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.