■ In the Matter of JOHN GRECO, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a determination that a notice of small claims hearing complied with State Tax Commission regulations and that assessments of unincorporated business taxes for the years 1973, 1974 and 1975 were not barred by the Statute of Limitations. Petitioner filed joint New York State tax returns with his wife for the years 1973, 1974 and 1975. Although these returns stated that petitioner had business income whose source was described as insurance or insurance/accounting, the section for unincorporated business income tax was left blank. Subsequently, respondent, in 1978, assessed unincorporated business taxes for 1973 to 1975 on petitioner's insurance/accounting business income and issued notices of deficiency for those years. Petitioner requested a hearing and, after the parties were unable to settle the issue, petitioner filed a perfected petition to reverse the assessments. Respondent then issued a notice of small claims hearing. The hearing was held June 16, 1981 and dealt with only two issues: (1) whether the notice of hearing was in compliance with

respondent's rules and regulations and (2) whether the assessment by respondent was barred by the Statute of Limitations. The hearing officer found that the notice of hearing was in compliance with respondent's rules and that the assessments were not barred by the Statute of Limitations. Petitioner thereafter commenced this transferred CPLR article 78 proceeding contesting respondent's determination. Petitioner initially argues that certain violations by respondent of its own regulations require annulment of the determination. Specifically, petitioner contends that: (1) respondent's notice of small claims hearing did not include all the information required by 20 NYCRR 601.8 (c) (4) (ii), (iii), (iv); (2) respondent submitted an ex parte communication to the hearing officer after the hearing without prior approval in violation of 20 NYCRR 601.8 (g) (2) and 601.9 (d) (5); and (3) respondent rendered a decision more than 90 days after the hearing in violation of 20 NYCRR 601.8 (h). Respondent did not render a decision until January 3, 1983, more than 90 days after the hearing, which concluded on June 16, 1981. Accordingly, 20 NYCRR 601.8 (h) was violated. Although a 90-day limit for decisions is set forth in 20 NYCRR 601.8 (h), no language in that regulation indicates that the time limit is mandatory. This being the case, it is our conclusion that the time limit is merely directory and, thus, the violation of time limit does not necessitate an annulment of the determination (cf. *Matter of Sullivan v Siebert,* 70 AD2d 975). Respondent's attorney communicated with the hearing officer in the form of a letter after the hearing. However, even assuming that this communication, without seeking prior approval from the hearing officer, was in violation of 20 NYCRR 601.8 (g) (2) and/or 601.9 (d) (5), annulment is not warranted in that no prejudice arose from that violation, since petitioner received a copy of the letter and responded thereto in a letter to the hearing officer. Petitioner's final argument in this regard is that the notice of small claims hearing was defective in that it did not satisfy the requirements of 20 NYCRR 601.8 (c) (4) (ii), (iii), (iv). These portions of the regulation require that the notice of small claims hearing include: (1) the legal authority and jurisdiction; (2) a reference to the particular statutory provisions involved, where possible; and (3) a short and plain statement of matters asserted. The hearing officer concluded that the notice was sufficient since it incorporated the statement of audit changes and notices of deficiency previously sent to petitioner. We are unable to find this conclusion irrational. In the instant case, the notice stated in part that the hearing concerned a petition for "Redetermination of a Deficiency or for Refund of Personal Income & UBT (unincorporated business tax) under Article [*sic*] 22 & 23 of the Tax Law for the years 1973, 1974 & 1975". This information can rationally be seen as giving the legal authority and a reference to the particular statutory provisions involved, as well as a short and plain statement of matters asserted. There is a reference to the statutory provisions involved which give authority for the tax, as well as the particular matter involved, i.e., the request for a redetermination or refund of specific taxes for specific years. This is especially true since petitioner had previously received the notices of deficiency involved and thus knew what was being referred to. Finally, petitioner argues that the instant assessments made for unincorporated business taxes were barred by the applicable three-year Statute of Limitations (Tax Law, § 683, subd [a]). Petitioner, however, did not file an unincorporated business tax return for the years in question. Accordingly, the Statute of Limitations is inapplicable (Tax Law, § 683, subd [c], par [1], cl [A]; *Matter of Du Bois v State Tax Comm.,* 67 AD2d 749, mot for lv to app den 46 NY2d 711). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.