In the Matter of HOWARD WEXLER, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, July 9, 1987

## APPEARANCES OF COUNSEL

*Solin & Breindel, P. C. (Howard Breindel* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* and *Wayne L. Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

Levine, J.

Petitioner holds a doctorate degree in educational psychology. Early in his career he was employed as an educational psychologist with a local school system in this State. In 1970, however, he took a position with Hasbro Industries, a nationally known toy manufacturer, as a designer of educational toys and games and as a consultant for Hasbro's Romper Room television show and for its toy and games manufacturing operations. Petitioner left Hasbro in 1973 to embark on his own independent enterprise of designing children's educational toys and games, which he sold and licensed to various manufacturers in return for royalties on their sales to the general public. The Audit Division of the Department of Taxation and Finance assessed petitioner with liability under the since repealed unincorporated business tax (Tax Law former § 701 [a], repealed by L 1978, ch 69, §§ 7, 30, eff Dec. 31, 1982) on petitioner's income so derived for the years 1976 through 1980. Petitioner initiated this CPLR article 78 proceeding after respondent sustained the assessment.

The sole issue on review is whether respondent properly rejected petitioner's claim that he was entitled to the statutory exemption from the tax for the carrying on of the practice of a profession (Tax Law former § 703 [c]). Pointing to the uncontested proof that his professional experience and formal education are used heavily in devising the game and toy designs he markets and that such products themselves are of educational value in furthering the cognitive, emotional and social development of children, petitioner claims that, as a matter of law, he was exempt from the unincorporated business tax on either or both of two theories.

First, petitioner argues that in employing his professional skills to design the toys and games, he was practicing the profession of educational psychology. We disagree. Although educational psychology is undoubtedly a profession, the fact that one's training and experience as such are entailed in producing income is not necessarily dispositive of entitlement to the exemption. "The final question, in other words, is not whether the taxpayer is [a professional], but rather whether the particular activities he is engaged in constitute the 'practice of [a] profession' as opposed to a purely commercial or business enterprise" (*Matter of Koner v Procaccino*, 39 NY2d 258, 263; emphasis supplied). In *Matter of Sundberg v Bragal-*

*ini* (7 AD2d 15, *lv denied* 6 NY2d 705), this court characterized a professional *practice* as one "comprehending *services or disinterested advice for the benefit of the person served or advised,* the latter ordinarily retaining the services and making compensation for them" *(supra,* at 19; emphasis supplied). The regulations employ the same concept in describing a profession (other than law, medicine, dentistry or architecture) as a "vocation in which a professed knowledge of some department of science or learning * * * is used by its practical application to the affairs of others, either advising, guiding or teaching *them,* and in *serving their interests or welfare"* (20 NYCRR former 203.11 [b] [1] [i]; emphasis supplied). The same description was embodied in substance in previous regulations which were judicially approved *(see, Matter of Geiffert v Mealey,* 293 NY 583, 586).

Based upon these criteria, respondent could rationally conclude that petitioner was not practicing his profession of educational psychology. His income-producing activities consisted not in using his professional skills in serving or advising toy manufacturers, but in marketing his inventions for personal profit in his own business enterprise. The admitted use of professional skills in furtherance of a business enterprise of a taxpayer or of others has repeatedly been held not to fall within the professional practice exemption *(Matter of Garisto v Tully,* 91 AD2d 811; *Matter of Scott v State Tax Commn.,* 54 AD2d 810; *Matter of Niles v Murphy,* 34 AD2d 862, *affd* 31 NY2d 848). This result does not change by reason of the fact that the games and toys made pursuant to petitioner's designs had educational value. The articles embodying petitioner's designs were sold to the general public as part of the purely commercial business of the manufacturers. Neither the ultimate purchasers of these products nor the children who used them were petitioner's clients.

Equally unavailing is petitioner's alternate argument that his activities were exempt from the tax as the practice of the profession of designer of educational toys. In *Matter of Rosenbloom v State Tax Commn.* (44 AD2d 69, 71, *lv denied* 34 NY2d 518), this court identified the factors determinative of whether a particular field of endeavor constitutes a profession for the purposes of the unincorporated business tax exemption as "(1) a long-term educational background generally associated with a degree in an advanced field of science or learning; (2) the requirement of a license which indicates sufficient qualifications have been met prior to engaging in the occupa-

tion; (3) the control of the occupation by standards of conduct, ethics and malpractice liability; and (4) the barrier to carrying on the occupation as a corporation".

The *Rosenbloom* test continues to be adhered to *(Matter of Willett v Chu,* 124 AD2d 375, 376; *Matter of Cissley v New York State Tax Commn.,* 98 AD2d 899, 900). Petitioner failed to satisfy his burden of qualifying the vocation of educational toy designer as an exempt profession under any of the foregoing criteria *(see, Matter of Koner v Procaccino, supra,* at 264). While he may have proved that his education and study of educational psychology enhanced the quality and usefulness of his designs, there was no proof that such an educational background is a specific prerequisite for designing educational toys or, indeed, that any particular educational background is so required. Much less was evidence submitted that the occupation of educational toy designing carries with it licensing requirements, control of that specific occupation by standards of conduct, ethics and malpractice liability or that it may not be carried on by a business corporation.

Petitioner's reliance on *Matter of Argiro v Gallman* (46 AD2d 397), as holding that the designing of toys is a profession, is misplaced. There the taxpayer was trained and educated in the recognized profession of industrial designer *(see, Matter of Teague v Graves,* 261 App Div 652, *affd* 287 NY 549), and practiced that profession in designing toys on behalf of manufacturer-clients, among other systems and industrial products he designed for other such clients. Respondent in *Argiro* did not find that the taxpayer's professional skill and training *as an industrial designer* were not employed in designing toys; it disqualified him from the exemption merely because his remuneration was through royalties on his clients' sales of the designed products. In annulling respondent's determination in *Argiro,* this court merely held that the method of payment for the taxpayer's professional services as an industrial designer was not determinative of his entitlement to the exemption. It did not expressly or impliedly create an additional exempt profession, that of toy designer *(see also, Matter of Giordano v State Tax Commn.,* 52 AD2d 691, *lv denied* 40 NY2d 803).

MAHONEY, P. J., CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.