■ In the Matter of JOHN D. SHEAHAN et al., Individually, and as Copartners Doing Business under the Name of DRAKE, STARTZMAN, SHEAHAN and BARCLAY, Petitioners, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which affirmed assessments of unincorporated business taxes against petitioners under article 16-A of the Tax Law. The determination covers two periods, one from June 1, 1951 to August 31, 1951, and the other for the fiscal year ending August 31, 1952. The sole issue on this appeal is whether petitioners were engaged in the practice of a profession within the meaning of section 386 of the Tax Law. Petitioners were partners, and their activities have been characterized as "Distribution and Materials Handling Consultants" and "Consulting Management Engineers." They hold themselves out as experts in materials handling, warehousing, plant and management layout, industrial packaging, distributions and transportation system, and other related subjects. While they employed engineers their activities were not confined to engineering. It is impractical here to describe petitioners' activities in detail, but they acted somewhat in the capacity of efficiency experts in the field of transportation and storage, performing services for business concerns with a view to reducing certain operating expenses and thereby increasing profits. There is no doubt that by virtue of study and experience petitioners were able to aid business concerns in a particular field. However, the mere fact that they may be experts on some subjects does not necessarily mean that they are practicing a profession. The same arguments advanced by petitioners have been urged upon this court many times before. Some of the recent cases are: *Matter of Sundberg* v. *Bragalini* (7 A D 2d 15, motion for leave to appeal denied 6 N Y 2d 705); *Matter of McCormick* v. *Bragalini* (8 A D 2d 885) and *Matter of Kormes* v. *Murphy* (9 A D 2d 1003, motion for leave to appeal denied 8 N Y 2d 706). Other cases are cited therein. This case is similar in many respects to the *McCormick* case, wherein the tax was assessed against one who described himself as a "management consultant, management engineer and consulting engineer". Language used in some of the

above-cited cases is appropriate here. For instance, in the *Sundberg* case we said (p. 19): "The advantageous utilization of professional knowledge in a business does not, of course, necessarily constitute the practice of a profession." In the *McCormick* case we said: "It has been held in a number of cases that it was never the legislative intent and purpose of the exemption clause to create professional exemptions to consultants who undertake to advise management as to its business or industrial affairs [citing cases]." The State Tax Commission has held that petitioners' activities are within the field of business itself. The evidence supports such a conclusion, and we do not think that the commission was required to find that petitioners were practicing a profession. Determination confirmed, with $50 costs.