In the Matter of American Can Company, Appellant, v. State Tax Commission, Respondent.

Third Department, May 23, 1961.

*Dewey, Ballantine, Bushby, Palmer & Wood* (*David E. Watts* and *Arnold Guy Fraiman* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair* and *Edwin R. Oberwager* of counsel), for respondent.

GIBSON, J. The petitioner appeals from an order of the Supreme Court which dismissed the petition in a proceeding under article 78 of the Civil Practice Act to review and annul a determination of the State Tax Commission which denied, as barred by the time limitations imposed by subdivision 1 of section 214 of the Tax Law, petitioner's application for revision of franchise taxes assessed under article 9-A of the Tax Law for the privilege years ended October 31, 1953 and 1954; petitioner contending that the taxes were computed upon an erroneous method of allocation of income and capital within and without the State. The applicability of the time limitation

asserted by the commission is the sole issue presented by this appeal.

Subdivision 1 of section 214 authorizes an application for revision, in the case of a reaudited account, " within one year from the time of such reaudit and restatement or within two years from the time of the audit and statement ". In this case the applications were, in each instance, filed more than two years from the time of the initial audit and statement but within one year from the time of the second of two reaudits and restatements. Thus the applications were timely within the literal language of subdivision 1. The commission argues, however, that since its second reaudit was pursuant to subdivision 4 of section 212, authorizing the same upon the basis of changes or corrections of net income made by the United States Commissioner of Internal Revenue, but providing, so far as here pertinent, that such reaudit and restatement shall be " without change of the allocation of income or capital upon which the original assessment was based ", it is without power to make a further reaudit, upon petitioner's application, which would give effect to such a change. Special Term held that sections 212 and 214 must be read together and that, thus considered, they barred petitioner's application. In our view, however, the sections are separate and independent and it is neither necessary nor proper to resort to section 212 for aid in the construction of the clear and unambiguous provision of section 214 here questioned. Section 212, headed " Audit and reaudit of tax ", deals, insofar as reaudits under subdivision 4 are concerned, with the permissive power of the commission concerning them. Section 214 is entitled " Revision and readjustment of accounts " and, so far as here pertinent, relates to the rights of the taxpayer and confers upon the commission complete authority to effectuate them. Were such authority absent, it might be reasonable to look to section 212 therefor and in such case the resulting interdependence of the two sections might suggest that they be read and construed together with respect to the time limitations as well. Here, however, the separability is complete. Thus, section 214, by subdivision 1, with which this case is concerned, requires that upon proper evidence the commission " shall " resettle the account, and so enforce the taxpayer's rights; while section 212, by subdivision 4, confers permissive power upon the commission to reaudit, in aid of its own volitional action. The effect of the conclusion that no interdependence exists is, of course, to invalidate the premise upon which the holding at Special Term was based.

The provision of subdivision 4 upon which the commission relies seems to us to have little or no significance beyond the simple and precise requirement that when the commission, upon notice of a change of income by the Federal tax authorities, shall determine to undertake a reaudit, it shall not, in the course of that operation nor in the restatement resulting therefrom, proceed additionally to the matter of allocation and thereupon alter the basis thereof previously determined; but this decision necessarily leaves open whatever question there may be as to the extent of additional powers or limitations, if any, to be implied with respect to the commission's *independent* action concerning allocation.

As has been said, we find the statute unambiguous, but if ambiguity were to be found, the question of construction would be close and that circumstance would render apposite the "familiar principle that a Statute of Limitations should not be applied to cases not clearly within its provisions; neither should it be extended by construction." (*Matter of Dee* v. *State Tax Comm.*, 257 App. Div. 531, 534, affd. 282 N. Y. 617.)

The Special Term cited *People ex rel. Int. Salt Co.* v. *Graves* (267 N. Y. 149) as "inferentially" sustaining its conclusion, but we find that decision in no way relevant. There, the application for revision was barred by the explicit limitation, under former section 218 of the Tax Law, of "one year from the time any such account shall have been audited and stated"; and there existed at that time no provision whatsoever imposing a different limitation following reaudit or restatement.

The order should be reversed on the law, the determination annulled and the matter remitted to the State Tax Commission for further proceedings, with $50 costs.

BERGAN, P. J., HERLIHY and TAYLOR, JJ., concur.

Order reversed on the law and determination annulled and matter remitted to the State Tax Commission for further proceedings, with $50 costs.