Wachtler, J.
The respondent Tax Commission has determined that the petitioners, both of whom are self-employed photographers, must pay the unincorporated business tax (Tax Law, art 23). In an article 78 proceeding, brought by the petitioners, the Appellate Division, Third Department, unanimously confirmed this determination, dismissed the petition and denied leave to appeal to our court. The petitioners claimed that they are engaged in a profession and thus should be exempt from the tax pursuant to subdivision (c) of section 703 of the Tax Law. We granted leave to review the point.
In 1969 the petitioners received notices of audit change and tax deficiency from the State Income Tax Bureau. In Koner’s case the bureau demanded $2,084.98 in taxes and penalties for 1966 and 1967. In Peterson’s case $5,536.53 was sought in taxes and penalties for 1965, 1966 and 1967. Both admitted that they had not filed unincorporated business tax returns for the year indicated but claimed that as free-lance photographers they enjoyed professional status and thus qualified for exemption under subdivision (c) of section 703 of the Tax Law which states: "The practice of law, medicine, dentistry or architecture, and the practice of any other profession in which capital is not a material income producing factor and in which more than eighty per centum of the unincorporated business gross income for the taxable year is derived from personal *261 services actually rendered by the individual * * * shall not be deemed an unincorporated business.” (Emphasis added.)
It is conceded that the petitioners meet the "capital” and "80%” requirements and the only contested issue is whether their income was derived from the practice of a profession. In each case a hearing was held which resulted in the following findings of fact on this issue.

The Koner case

"During the years 1966 and 1967, petitioner Marvin Koner’s business income was derived from his activities as a free-lance photographer. He specialized in taking photographs to illustrate stories and articles appearing in national magazines. He was retained to take photographs by magazines such as Playboy, Fortune, Redbook, Esquire Pageant, and Infinity.
"Petitioner, Marvin Koner, received a B.A. degree in Biology from Alfred University in 1941. He attended Air Force schools in photography, photo intelligence and aerial photography while serving in the Air Force between 1943 and 1946. He attended the Germain School of Photography in 1947. He also attended seminars for talented photographers in New York City conducted by Alex Brodevitch. He lectured on photography at numerous universities and photography clubs. He wrote several articles for publications in the field of photography.”

The Peterson case

"During the years 1965, 1966 and 1967, petitioner Gosta Peterson’s business income was derived from his activities as a free-lance photographer. Approximately 20% of his income during said years was received in connection with photographs taken for commercial advertising and promotional purposes. He concedes that this portion of his income was subject to the unincorporated business tax. The balance of his income for said years was derived from editorial fashion photography. He was retained principally by Conde Nast Publications and the New York Times to take photographs in connection with fashion articles in magazines published by them. The articles and the photographs illustrating said articles were not used to sell or promote the particular items, but rather to express the opinions of the fashion editors. He had the sole discretion to determine how and where to pose and photograph the models used in connection with said articles. All he was given by a magazine was a copy of the text and in *262 most cases the particular garment the magazine wished to use in the article.”
In each case the "conclusions of law” were identical, viz., the petitioner’s activities during the period in question "although requiring special knowledge and experience, did not constitute the practice of a profession exempt from the imposition of the unincorporated business tax in accordance with the meaning and intent of § 703(c) of the Tax Law.” The penalties however were "waived” on the ground that the petitioners "had reasonable cause” for failing to file the returns.
Petitioners then commenced these article 78 proceedings raising two primary issues: (1) the commission erred in finding that they were not professionals within the meaning of subdivision (c) of section 703 of the Tax Law; (2) to exempt certain artists, but not photographers, is a denial of equal protection since all persons similarly situated must be treated equally. Pursuant to CPLR 7804 (subd [g]) these proceedings were transferred to the Appellate Division, Third Department, where they were consolidated for appeal. As indicated the Appellate Division unanimously affirmed the determination.
Initially we find no merit to the alleged denial of equal protection. Although "the States, in the exercise of their taxing power, are subject to the Equal Protection Clause of the Fourteenth Amendment”, the Supreme Court has consistently held "that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products.” (Allied Stores of Ohio v Bowers, 358 US 522, 526-527; see, also, Lehnhausen v Lake Shore Auto Parts, 410 US 356; Shapiro v City of New York, 32 NY2d 96.)
Similarly the question as to what constitutes a profession within the meaning of the unincorporated business tax statute has been before the courts innumerable times. The guiding principle was set forth in People ex rel. Tower v State Tax Comm. (282 NY 407,412) in which we held that the requirements of a profession are fulfilled for the purposes of the exemption statute, when it is shown that "the service rendered * * * requires knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study.”
Later in Matter of Voorhees v Bates (308 NY 184,189,190), *263 the first decision from our court "involving one of 'the arts’— painting, sculpture, music, drama, dancing, writing, etc.” we expressly applied the same standard in determing the professional status of an orchestra conductor. And recognizing the realities of artistic development, we noted that "advanced formal education does not appear to be a necessary element” (emphasis supplied). The fact that the petitioner, "an orchestral conductor or musical director”, had commenced his musical training at the age of five, entered his professional career while still in high school and was conceded by the commission to be " 'qualified for what he was doing’ ”, was held to be sufficient to establish his "vocation” as a profession within the meaning of the tax statute. We further held that the exemption applied to money earned as a result of the fact that petitioner had "during 1941, the year in question, rehearsed and conducted the orchestras used on the weekly broadcasts of American Telephone and Telegraph’s radio program 'The Telephone Hour’ and of DuPont’s 'Cavalcade of America’ ” (Voorhees, supra, p 187).
Several years later in Matter of White v Murphy (11 AD2d 854) a free-lance "commercial artist” or "commercial illustrator” sought an exemption for money earned by illustrating magazine advertisements for department stores. Confirming the commission’s denial of the exemption, the Appellate Division, Third Department, stated: "Upon this record we cannot hold arbitrary or capricious the commission’s determination that 'the taxpayer’s activities, which consisted entirely of the execution of drawings or illustrations for business or commercial advertising purposes, constituted the carrying on of a taxable unincorporated business rather than the non-taxable practice of a profession within the meaning of Section 386 of the Tax Law.’ ” We affirmed, without opinion (9 NY2d 995).
There is no doubt then that an artist may be a professional within the meaning of the statute. But it does not necessarily follow that all income earned by an artist qualifies for the professional exemption. The final question, in other words, is not whether the taxpayer is an artist, but rather whether the particular activities he is engaged in constitute the "practice of [a] profession” as opposed to a purely commercial or business enterprise. This often becomes a delicate question determined solely by the facts of the particular case. It is, in short, essentially a question of fact to be determined by the commission subject to very limited judicial review.
*264 It is true of course, as we noted in Matter of Good Humor Corp. v McGoldrick (289 NY 452, 455) and later in Voorhees (supra, at p 188) that the "determination of what articles or transactions are taxable is a legislative function. It is not the function of an administrative officer to determine where the line shall be drawn which divides the field subject to taxation from the field where no tax has been imposed. * * * Where the facts are not disputed, the question whether a particular article falls within that field is a question of law * * * [and a] 'statute which levies a tax is to be construed most strongly against the government and in favor of the citizen’.” But different rules apply where the taxpayer claims the benefit of a statute providing an exemption from taxation. Then the burden of proof shifts to the taxpayer. The statute is construed against the taxpayer and the courts assume a lesser role upon review (Matter of Grace v New York State Tax Comm., 37 NY2d 193).
Here the petitioners claim an exemption from the unincorporated business tax and the Legislature has empowered the commission to make the initial determination (Tax Law, § 689). In such a case "[wjhere the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the court’s function is limited.” (Matter of Young v Bragalini, 3 NY2d 602,605; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104,108.) If the evidence supporting the commission’s determination is negligible or based on a clearly erroneous interpretation of the law or the facts, the determination will be set aside (People ex rel. Maloney v Graves, 289 NY 178, 180; People ex rel. Hull v Graves, 289 NY 173, 177; Matter of Voorhees v Bates, supra, at pp 191, 192).* But "if there are facts or reasonable inference to be drawn from the record to support the determinations of the commission, the assessments must be confirmed” (Matter of Young v Bragalini, supra, at p 605; People ex rel. Freeborn & *265 Co. v Graves, 257 App Div 587; see, also, Matter of Grace, supra).
Judged by this standard there was clearly sufficient evidence to support the commission’s determination.
The judgment appealed from should be affirmed.

 In Voorhees incidentally there was no real dispute as to the petitioner’s professional status. The court was divided solely on the question as to whether the 80% requirement had been met, i.e., whether 80% of the income had been derived from personal services or from the services of musicians and arrangers employed by the petitioner. The majority found that apart from an erroneous tax return there was nothing to indicate that the income was not derived from personal services. However they noted that "[i]f there were evidence to support contrary conclusions, the Tax Commission’s determination in this respect would of course be unassailable” (Voorhees, supra, at p 191).