■    In the Matter of ALICE S. TRIPP, as Administratrix of the Estate of WILLIAM H. TRIPP, Deceased, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained the imposition of unincorporated business tax assessments pursuant to article 23 of the Tax Law for the years 1962, 1963 and 1964. William H. Tripp, now deceased, and his wife filed New York State income tax resident returns for the years 1962, 1963 and 1964, and he also filed unincorporated business tax returns for the same years in which he omitted from income reported the net income he derived from his activities as a yacht designer during the tax years in question. In September, 1966 respondent issued a statement of audit changes and a notice of deficiency which determined decedent's liability for unincorporated business tax upon the net income from his activities as a boat designer and consultant for these years to be $1,263.69.

Thereafter, decedent filed with respondent a petition for redetermination of said deficiency, claiming that he is a professional within the meaning of subdivision (c) of section 703 of the Tax Law and, therefore, exempt from the unincorporated business tax. Following a hearing, respondent found that decedent was one of the foremost yacht designers in the country; that leading yacht manufacturers, as well as individuals, consulted with him concerning building of yachts, and working from his client's general concepts as to style and general purpose, he would design a yacht, draw the plans and specifications and supervise completion of its construction; and that he has been engaged in his own business as a yacht designer since 1951. Although involving special knowledge, skill and experience, respondent determined that decedent's activities did not constitute the practice of a profession exempt from unincorporated business tax within the meaning of the statute (Tax Law, § 703, subd [c]). The only issue raised in this proceeding is whether respondent was in error in arriving at this conclusion. It is well settled that the requirements of a profession are fulfilled for the purposes of the exemption provided for in the unincorporated business tax statute, when it is shown that the activity in which the taxpayer is engaged requires knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study, and that advanced *formal* education does not appear to be a necessary element in determining professional status *(Matter of Koner v Procaccino,* 39 NY2d 258). It was also held in Koner that, even though a person may be found to be a professional within the meaning of the statute, it does not necessarily follow that all income earned by him qualifies for the professional exemption. The ultimate question is not whether the taxpayer is a professional, but rather whether the particular activities he is engaged in constitute the "practice of a profession" as opposed to a purely commercial or business enterprise. This is essentially a question of fact to be determined by the respondent subject to very limited judicial review. Furthermore, while a statute imposing a tax is to be construed most strongly in favor of the taxpayer, a different rule applies where the taxpayer claims the benefit of a statute providing an exemption from taxation. In that case the burden of proof shifts to the taxpayer; the statute is construed against the taxpayer and the courts assume a lesser role upon review *(Matter of Koner v Procaccino, supra).* The Legislature has empowered the respondent to make the initial determination on petitioner's claim of an exemption from the unincorporated business tax (Tax Law, § 689). In such case "where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially the court's function is limited." If there are facts or reasonable inferences to be drawn from the record to support that determination it must be confirmed *(Matter of Koner v Procaccino, supra; Matter of Young v Bragalini,* 3 NY2d 602, 605). Judged by this standard, there was clearly sufficient evidence to support respondent's determination. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.