In the Matter of ROBERT SHMARUK, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special

Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law. During the years 1968, 1969 and 1970, petitioner was a self-employed computer specialist who developed, designed, and implemented electronic data processing systems for various business concerns. Petitioner and his wife, throughout said years, timely filed New York State income tax returns, but did not file unincorporated business tax returns pursuant to article 23 of the Tax Law. Petitioner was thereafter issued a statement of audit changes and a notice of deficiency which determined petitioner's liability for unincorporated business taxes upon the net income from his "activities as a systems engineer" for said years to be $5,117.52 including interest and penalties. Petitioner requested a redetermination claiming that he was a professional within the meaning of subdivision (c) of section 703 of the Tax Law and exempt from such tax. After a hearing, the respondent determined that petitioner's "activities during 1968, 1969 and 1970, although requiring special knowledge, did not constitute the practice of a profession, within the meaning and intent of § 703 (c) of the Tax Law" and, therefore, were subject to the unincorporated business tax. In this CPLR article 78 proceeding, petitioner seeks an order annulling the determination of respondent or, in the alternative, remanding the matter for a new hearing in order to provide petitioner with another opportunity to present evidence showing that he was a professional. Petitioner's contention that respondent lacked sufficient facts to make a rational and informed determination is without merit. The determination is supported by substantial evidence and should, therefore, be confirmed. An unincorporated business upon which a yearly tax is imposed when carried on in New York State is defined, in part, as "any trade, business or occupation conducted, engaged in or being liquidated by an individual or unincorporated entity" (Tax Law, § 703, subd [a]). Subdivision (c) of section 703 of the Tax Law exempts from this tax "The practice of law, medicine, dentistry or architecture, and the practice of any other profession in which capital is not a material income producing factor". The term "other profession" used in this subdivision is further defined, in part, in 20 NYCRR 203.11(b) (1) (i) as follows: *"The performing of services dealing with the conduct of business itself, including the promotion of sales or services of such business and consulting services, does not constitute the practice of a profession even though the services involve the application of a specialized knowledge."* (Emphasis added.) It is apparent from a reading of the statute and the regulation that the term "other profession", used therein, does not necessarily embrace computer programming, designing, engineering or consultation. Indeed, it has been held that to be entitled to a "professional" exemption, the services performed must "encompass some of the essential characteristics" of the professions of law, medicine, dentistry or architecture *(Matter of Koner v Procaccino,* 45 AD2d 551, 553, affd 39 NY2d 258). This court has previously set forth the criteria which should be considered in determining what activity constitutes the practice of a profession (see *Matter of Rosenbloom v State Tax Comm.,* 44 AD2d 69, 70-71, mot for lv to app den 34 NY2d 518). The services rendered by petitioner consisted merely of computer programming and program design. At the hearing, petitioner's attorney stated that petitioner was a "self-employed systems computer engineer primarily in-

stalling programing, etc." Petitioner testified that he did not have a degree in engineering, nor did he ever study engineering in a university in a course leading to a degree in engineering. The attorney for the Tax Bureau offered into evidence a cover letter and resumé prepared by petitioner and his attorney which refers to petitioner as a "Computer Programing Consultant", whose consultive services included: "Advisory, systems design and computer programing." These activities do not encompass the essential characteristics of the enumerated professions but seem to involve the type of services generally performed by those in a "trade, business, or occupation". When a taxpayer claims the benefit of a statute providing an exemption from taxation, he bears the burden of proving his eligibility for the exemption *(Matter of Koner v Procaccino,* 39 NY2d 258, 264, *supra).* "The question of whether an activity constitutes the practice of a profession exempt from the unincorporated business tax, which is a question of law *(Matter of Voorhees v Bates,* 308 NY 184, 188), is a *sui generis* determination; each case depends upon its particular facts and circumstances" *(Matter of Costa v State Tax Comm.,* 67 AD2d 1074, 1075). It is "essentially a question of fact to be determined by the commission subject to very limited judicial review" *(Matter of Koner v Procaccino,* 39 NY2d 258, 263, *supra).* The determination of the Tax Commission is not to be disturbed by the courts "unless shown to be erroneous, arbitrary or capricious" *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196). Upon a review of this record, it is clear the petitioner has failed to meet his burden of showing that his activities should be designated as constituting the "practice of a profession". Further, assuming, *arguendo,* that computer programing is a profession, the activities of petitioner were concerned with the conduct of business itself, and, accordingly, the exemption is not applicable (see *Matter of Niles v Murphy,* 34 AD2d 862, affd 31 NY2d 848). Respondent's determination is reasonable, based upon substantial evidence, and should not be disturbed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.