■ In the Matter of ABRAHAM KREISS et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 9, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Tax Commission which denied petitioners' request for a refund of personal income tax. Petitioners sold their interest in three taxicab medallions in 1974 resulting in a long-term capital gain of some $40,000. They reported the gain on both their Federal and New York State income tax returns for that year. Litigation was commenced the same year concerning the extent of petitioners' ownership interest in the medallions. The litigation was resolved in 1977 by petitioners paying $19,000 to the plaintiffs and $4,300 in attorneys' fees, reducing petitioners' capital gain by $23,300. Thereafter, petitioner filed amended 1974 New York State and Federal income tax returns to claim refunds for overpayment. The Federal claim was disallowed on the basis that their income was correctly reported in 1974. A refund, however, was allowed under the "claim of right" doctrine pursuant to section 1341 of the Federal income tax code [US Code, tit 26, § 1341]. Petitioners' refund claim on their amended New York State tax return was disallowed on the grounds that section 1341 did not change the Federal adjusted gross income for 1974 and that the change of income occurred in 1977. The instant article 78 proceeding was commenced to review the determination and Special Term dismissed the petition. This appeal ensued. Petitioners raise two issues on this appeal urging reversal. They contend that the claim of right doctrine is recognized under New York law, thus entitling them to a refund. In the alternative, they maintain that they are entitled to a refund pursuant to subdivision (d) of section 697 of the Tax Law. We will consider the alternative contention first. Subdivision (d) of section 697 of the Tax Law empowers the Tax Commission to refund any moneys paid by a taxpayer under a mistake of facts. On this record, it is obvious that petitioners clearly paid a greater amount of State and Federal income tax in 1974 than they were required to pay and the refund allowed by the Internal Revenue Service reflected the error. We note, however, that while petitioners did not expressly mention section 697 during the administrative proceeding, the substance of their argument clearly demonstrates that they were relying on this provision. On this appeal, petitioners rely on the principle of "conformity" of New York State tax provisions to Federal tax provisions. This policy is embodied in subdivision (c) of section 604 and subdivision (a) of section 612 of the Tax Law. Subdivision (c) of section 604, in substance, requires taxpayers to use the same accounting method in preparing the State returns as they did in preparing their Federal returns. The pertinent portion of section 612 provides as follows: "The New

York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section" (Tax Law, § 612, subd [a]). Although the amended return reporting the lesser capital gain did not change the Federal adjusted gross income for 1974, strict interpretation of section 612 is not always proper. In the instant case, petitioners clearly overpaid their 1974 tax and are unable to take advantage of a deduction in 1977 since they paid no New York State income tax that year. Presumably, in addition, the individuals receiving the payment from petitioners as a result of the litigation concerning the medallions would also be paying New York State income tax as a result of said payment. Under such circumstances, strict conformity would lead to substantial inequity. Consequently, respondent's refusal to allow petitioners to amend their 1974 return in light of the mistake concerning the amount of capital gain based upon strict Federal conformity is irrational and the determination must be reversed (see *Matter of Graham v State Tax Comm.,* 40 NY2d 889). In light of this conclusion, it is unnecessary to pass on the other issue raised by petitioners. Judgment reversed, on the law, without costs, determination annulled, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.