■ In the Matter of FRANK WHITTEMORE, Petitioner, v TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term,

entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law. In 1976, petitioner filed a New York State unincorporated business tax return but did not pay the tax due, requesting instead that respondent determine whether the activities of his data processing business constituted the carrying on of a business or trade subject to the tax (Tax Law, § 701).* During this period, petitioner was self-employed as a systems designer and computer programmer who developed and implemented data processing accounting systems. In addition, he analyzed information produced by the computer for purposes of client consultation. Petitioner was issued a statement of audit changes and a notice of deficiency which determined his liability for unincorporated business taxes upon "business income from data processing" during 1976 to be $271.17, including interest. Petitioner filed for redetermination contending that he was a professional exempt from tax within the definition of subdivision (c) of section 703 of the Tax Law. After a hearing, respondent determined that petitioner's activities "although requiring special knowledge, did not constitute the practice of a profession within the meaning and intent of the Tax Law." In this proceeding, petitioner contends that the record lacks substantial evidence to support the determination. The determination should be confirmed. When a taxpayer claims the benefit of a statute providing an exemption from taxation, he bears the burden of proving eligibility for the exemption. The statute is construed against him (*Matter of Koner v Procaccino,* 39 NY2d 258, 264). Subdivision (c) of section 703 of the Tax Law exempts from the unincorporated business tax "[t]he practice of law, medicine, dentistry or architecture, and the practice of any *other profession* in which capital is not a material income producing factor" (emphasis added) (see 20 NYCRR 203.11 [b] [1] [i]). In *Matter of Shmaruk v State Tax Comm.* (79 AD2d 832), a case remarkably similar to this case, this court concluded that the term "other profession" in subdivision (c) "does not necessarily embrace computer programming, designing, engineering or consultation" (*id.,* at p 833). We further noted "that to be entitled to a 'professional' exemption, the services performed must 'encompass some of the essential characteristics' of the professions of law, medicine, dentistry or architecture", citing *Matter of Koner v Procaccino* (45 AD2d 551, 553, affd 39 NY2d 258, *supra*). The *Shmaruk* petitioner, who described his activities in the computer field as " '[A]dvisory, systems design and computer programming' " (*Matter of Shmaruk v State Tax Comm., supra,* p 834) did not qualify for the exemption. In his brief, petitioner attempts to distinguish *Shmaruk* by characterizing his activities as primarily those of an accountant and thus encompassed within the exemption for "other professionals" (20 NYCRR 203.11 [b] [1] [ii]), emphasizing his educational background. The issue, however, is not whether the taxpayer is an accountant, but whether the particular activities engaged in constitute the "practice of [a] profession" as opposed to a purely commercial or business enterprise. Notwithstanding petitioner's background, the record demonstrates that his activities were not primarily those of an accountant. At the hearing, petitioner described his business as a "very small amount of general computer consulting work and a lot of what I would call systems design, systems analysis and computer programming work." In a letter introduced at the hearing, he described himself as "a professional systems designer and a senior computer programmer", conceding that only about one third of his work entailed accounting. In our view, petitioner has failed to meet his burden of proving that his activities qualified as a profession within the scope of the exemption (*Matter of Shmaruk v State Tax Comm.,* 79

---

* The tax will no longer be imposed after December 31, 1982, but remains effective with respect to all taxes accrued up to that date (L 1978, ch 69, § 7, eff Dec. 31, 1982).

AD2d 832, *supra;* see *Matter of Costa v State Tax Comm.,* 67 AD2d 1074, 1075, mot for lv to app den 48 NY2d 604; *Matter of Rosenbloom v State Tax Comm.,* 44 AD2d 69, 70-71, mot for lv to app den 34 NY2d 518). Respondent's determination is reasonable, based upon substantial evidence, and should not be disturbed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

