■ In the Matter of LLOYD BAILER et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered December 31, 1982 in Albany County, which dismissed petitioners' application, in a proceeding, pursuant to CPLR article 78, to annul a determination of the State Tax Commission which denied petitioners' claim for refund of unincorporated business taxes. In 1979, petitioners filed a claim for refund of unincorporated business taxes paid on petitioner Lloyd Bailer's income as a labor arbitrator for the years 1953 through 1958 and 1960 through 1967. The basis for their claim was that payment of the tax was in error since Bailer's fees for acting as a labor arbitrator during the years in question were subject to the statutory exemption of income derived from the practice of a profession (Tax Law, § 703, subd [c]). After petitioners' claim was disallowed by the Audit Division of the Department of Taxation and Finance, they filed a proceeding to review the disallowance with respondent commission. After a hearing, the commission denied the claim as not filed within the applicable Statute of Limitations. Petitioners then instituted the present CPLR article 78 proceeding and now appeal from Special Term's dismissal of their petition. Petitioners primarily rely on language in the pertinent statutory provisions which permit the commission to waive the Statute of Limitations and grant a refund for an erroneously collected tax "[w]here no questions of fact or law are involved" (Tax Law, § 697, subd [d]; § 373, subd 3). Essentially, petitioners argue that no question of law or fact was involved herein because, at the hearing, respondent submitted no evidence to counter the evidence they submitted to show that during the years in question, Lloyd Bailer was engaged full time as a labor arbitrator in New York City and possessed a doctoral degree in economics and, further, that the commission previously had approved late claims for refunds filed by other labor arbitrators. This evidence was submitted through the testimony of two fellow arbitrators and petitioners' accountant. Petitioners, now residents of California, neither appeared nor testified at the hearing. The commission, on the other hand, argues that, except in the case of the practice of law, medicine, dentistry or architecture, the question of whether a particular taxpayer's business activity constitutes the practice of a profession under the statutory exemption inherently constitutes a question of law and fact. Hence, there is no statutory authority to waive the Statute of Limitations. The commission thus interprets the statutory provisions on untimely refund claims more narrowly than petitioners, as not referring to whether outstanding contested issues may exist after a full hearing but, rather, as to whether the untimely claim itself involves questions of law and fact. We think that the commission's construction of the statute is the correct one. We have previously held unequivocally that whether an activity constitutes the practice of a profession exempt from unincorporated business taxes is a question of law in which each case depends upon its own particular facts and circumstances (*Matter of Schmaruk v State Tax Comm.*, 79 AD2d 832, 834; *Matter of Costa v State Tax Comm.*, 67 AD2d 1074, 1075, mot for lv to app den 48 NY2d 604). The determination of whether an untimely claim for a refund is cognizable should not have to turn on the result of a full factual hearing, as in the instant case. Indeed, avoidance of the necessity of such a hearing is itself one of the purposes of a Statute of Limitations. This interpretation is supported by the further statutory requirement that not only must there be no factual or legal question outstanding, but also that "it appears from the records of the tax commission that any moneys

have been erroneously or illegally collected" (Tax Law, § 697, subd [d]; § 373, subd 3). This clearly implies that a waiver of the Statute of Limitations should not have to depend primarily upon outside evidence to be developed at a hearing. Since the commission's interpretation of the statute was, thus, a rational one, it must be upheld (*Matter of Finserv Computer Corp. v Tully,* 94 AD2d 197; see *Matter of Howard v Wyman,* 28 NY2d 434). We find petitioners' remaining arguments similarly unpersuasive. Therefore, Special Term's dismissal of their petition should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.