■ In the Matter of CHARLES H. CISSLEY, Petitioner, v NEW YORK STATE TAX COMMISSION et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law for the years 1973 and 1974.[*] Today we are required to again examine the scope of the exemption from unincorporated business tax created by subdivision (c) of section 703 of the Tax Law to determine whether petitioner has sustained his burden of proving his activities as a teacher, writer and lecturer constitute the practice of a profession (see 20 NYCRR 203.11), exempt from taxation. The facts are undisputed. During the tax years in issue, petitioner worked in the life insurance and business management industries deriving his income from publishing and lecturing. In 1973, he was paid $6,000 by Wiley Learning System, Inc., and, in addition, derived income of $17,456.66 from the Life Office Management Association. In 1974, Wiley paid him $17,870 and the Life Office people paid him $25,988.81. The work for Wile consisted of lecturing on business management for which he was paid on a flat fee basis. He both lectured and wrote articles in the nature of study guides for the Life Office, an insurance company trade association which is very active in life insurance oriented educational programs. Respondents, while recognizing petitioner's special knowledge and

---

* Article 23 has been repealed effective December 31, 1982. The taxes for the years involved in this proceeding are still due.

skills in the field of business, looked beyond claims and labels of "writing" and "lecturing" and concluded that the activities were not professional activities as that term had been interpreted for unincorporated business tax purposes. The exemption is defined in subdivision (c) of section 703 of the Tax Law which states: "The practice of law, medicine, dentistry, or architecture, *and the practice of any other profession* in which capital is not a material income producing factor and in which more than eighty per centum of the unincorporated business gross income for the taxable year is derived from personal services actually rendered by the individual * * * shall not be deemed an unincorporated business" (emphasis added). It cannot seriously be disputed that petitioner has met the "capital" and "80%" requirements and the only contested issue is whether his income was derived from the practice of another profession. Respondents' conclusions of law were essentially that (1) since the lecturing was not in connection with teaching duties at a college or university, they were not synonymous with teaching activities; (2) his writing was more of a technical nature than of creative work; and (3) the term "other profession" includes any occupation or vocation in which a professed knowledge of some department of science or learning, gained by a prolonged course of specialized instruction and study, is used by its practical application to the affairs of others, either advising, guiding or teaching them, and in serving their inter-. ests or welfare in the practice of an art or science founded on it. The issue of whether a particular activity can be classified as the "practice of any other profession" and as such, entitled to exemption from tax, has been the subject of much litigation in this court. In a factual pattern closely similar to the instant case, this court held a systems designer and computer programmer who developed and implemented data processing accounting systems was engaged in business and not the practice of a profession. We held " 'that to be entitled to a "professional" exemption, the services performed must "encompass some of the essential characteristics" of the professions of law, medicine, dentistry or architecture' " (*Matter of Whittemore v Tax Comm.,* 92 AD2d 1081, 1082, citing *Matter of Koner v Procaccino,* 45 AD2d 551, 553, affd 39 NY2d 258). Similarly, we have recently confirmed a determination that the income earned by a labor arbitrator did not qualify as the practice of a profession (*Matter of Bailer v New York State Tax Comm.,* 97 AD2d 568). We have similarly held that, although requiring special knowledge and training, the activities of a systems engineer did not qualify, and that the term "other profession" does not necessarily encompass computer programming, designing, engineering or consultation (*Matter of Shmaruk v State Tax Comm.,* 79 AD2d 832). Ordinarily, when the facts are not in dispute, the determination of what constitutes a taxable transaction is a question of law, and a statute which levies a tax is to be construed most strongly against the government and in favor of the taxpayer (*Matter of Good Humor Corp. v McGoldrick,* 289 NY 452, 455). Conversely, when the taxpayer claims the benefit of a statute providing exemption from taxation, the burden of proof is shifted to the taxpayer, and the statute construed more strongly against him (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Here, the issue is distilled to not whether petitioner is a lecturer or an author, but whether the particular activities in which he was engaged during the two tax years constituted the "practice of a profession" as opposed to a purely commercial or business enterprise. The criteria for determination may be said to be (1) the long-term educational background required for a degree prior to engaging in the occupation; (2) a license requirement indicating qualifications have been met for engaging in the occupation; (3) control of the occupation by standards of conduct, ethics and malpractice liability; and (4) whether a corporation may carry on the occupation (*Matter of Rosenbloom v State Tax Comm.,* 44 AD2d 69, 71, mot for lv to app den 34 NY2d

518; see, also, 20 NYCRR 203.11 [b]). Here, the occupation did not require a degree (it was optional), nor was a license required. There is no evidence of any code of ethics or conduct or control of the activities, nor any indication that they could not be performed as a corporation. The work was not performed in or for an educational institution. All of this evidence tends to support respondents' determination. Since the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine and define such term initially, this court's function is limited (*Matter of Young v Bragalini,* 3 NY2d 602, 605; *Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104, 108). If there are facts or reasonable inferences to be drawn from the record to support the determination, the assessment must be confirmed (*Matter of Koner v Procaccino,* 39 NY2d 258, 264). Based upon this record, in our limited scope of review, we are unable to say that the determination was not supported by substantial evidence, or that it was arbitrary, capricious or contrary to law. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.