█ In the Matter of MOBIL OIL CORPORATION, Petitioner, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Respondent. — Petition seeking to annul the final determination of the Commissioner of Finance of the City of New York, dated July 16, 1982, is granted and the determination is unanimously annulled, on the law, and the claim for refund is granted, without costs, in an order to be settled. ¶ It is undisputed that due to a miscalculation in the tax allocation percentage, petitioner (Mobil) overpaid New York City general corporation tax for 1974 in the amount of $171,707.03. The Commissioner's hearing officer adopted an auditor's finding that the amount of overpayment, including interest, totaled $243,824.26. Nonetheless, the Commissioner has declined to credit Mobil with an adjustment because the Statute of Limitations bars such a refund claim. This proceeding was transferred to this court for consideration in the first instance by order of Special Term, Supreme Court, New York County, entered December 17, 1982. ¶ Underlying this proceeding were challenges to notices of tax deficiency for three years (1974, 1975 and 1976). The issue was whether the percentage allocation of income to New York should be increased. The challenge resulted in a significant downward modification of the tax deficiency assessment for 1975, and a reduction of the 1974 deficiency assessment to zero. Nevertheless, a refund for 1974 was denied because the claim had not been filed in a timely fashion, in accordance with subdivision 1 of section R46-68.0 of the Administrative Code of the City of New York. That law provides, in essence, that a claim for refund must be filed within three years from the time the tax return was filed or two years from the time the tax was paid, whichever is later. Mobil did not initially file a claim for refund. This matter arose when the Commissioner, in 1979, sought to assess an additional deficiency on the 1974 tax obligation. It was only as a result of the audit in resolving that dispute that it was determined not only that there was no deficiency but that Mobil had actually overpaid its taxes by 100% for that year. ¶ Mobil's arguments on technical grounds fail to avoid the consequences of the Statute of Limitations. For example, Mobil argues that the redetermination of deficiency is sufficient entitlement for refund of an overpayment, even though Mobil did not specifically request such a refund. The determination of a credit or refund for overpayment is recognized as a possible result of a deficiency determination, under subdivisions 6 and 7 of section R46-68.0. However, there is nothing in those subdivisions which treats a claim for such a credit or refund as an exception to the Statute of Limitations in subdivision 1 of that section. As the hearing officer noted, the tax deficiency for 1974 should have been zero, but the Statute of Limitations still precluded any refund for that tax year. ¶ The proceeding to challenge respondent's assessment of an additional tax deficiency was commenced in a timely fashion (§ R46-70.0, subd 2). Inasmuch as this proceeding was not initiated as one for a refund (§ R46-70.0, subd 3), the separate provisions for extension of the Statute of Limitations provided therein would not be applicable. ¶ The Administrative Code does provide that where the period for tax assessment is extended by agreement, then the Statute of Limitations for filing a claim for credit or refund is extended until at least six months after expiration of the tax assessment period (§ R46-68.0, subd 2). The deficiency assessment proceeding was extended by agreement twice, ultimately until June 30, 1980. However, those extensions, which were both agreed upon in 1979, could not operate to revive a claim for credit or refund, under subdivision 1 of section R46-68.0, of an overpayment of

tax as to which the Statute of Limitations had already run. ¶ Mobil can be, and should have been, granted a full measure of relief in the nature of a refund of its 1974 overpayment, under the Commissioner's general powers in administering the special city tax laws (§ R46-77.0). Subdivision 4 of that section gives special refund authority to respondent as follows: "Where no questions of fact or law are involved and it appears from the records of the director of finance that any moneys have been erroneously or illegally collected from any taxpayer or other person, or paid by such taxpayer or other person under a mistake of facts, pursuant to the provisions of this part or any of the named parts, the director of finance at anytime, *without regard to any period of limitations,* shall have the power, upon making a record of his reasons therefor in writing, to cause any such moneys so paid and being erroneously and illegally held to be refunded." (Emphasis added.) ¶ The fact that there was a 100% overpayment in 1974 is not disputed. If the only obstacle to refund of this overpayment is expiration of the Statute of Limitations, then clearly Mobil was entitled to respondent's exercise of discretion in this instance under subdivision 4 of section R46-77.0. There were no disputed questions of fact or law involved here. Compare *Matter of Bailer v New York State Tax Comm.* (97 AD2d 568), construing the identical powers of the State Tax Commission under subdivision (d) of section 697 of the Tax Law, where questions of law and fact *were* present. In noting that this statutory authority is consonant with one of the purposes of the Statute of Limitations (i.e., to avoid the necessity of a hearing which would entail the development of outside evidence), the court reiterated (pp 568-569) that a waiver of the Statute of Limitations would be in order where (1) there is "no factual or legal question outstanding", and (2) " 'it appears from the records of the tax commission that any moneys have been erroneously or illegally collected' " (quoting Tax Law, § 697, subd [d]). ¶ The only asserted issue of law raised by the Commissioner is that since the initially believed deficiency resulted from changes in Mobil's investment allocation percentage by action of the Internal Revenue Service, there was no basis for a refund claim because of the proscription in section R46-64.0 (subd 3, par [g]). That section provides that where an assessment is reduced due to a change of allocation of the taxpayer's income, no change of allocation of income or capital can be made respecting a city tax return where an assessment or claim for refund is made during an additional period of limitation. The purpose is to insure that where the Federal or State tax authorities change their rules on allocation of income, this should not require the Commissioner to undertake a reaudit with regard to a tax deficiency assessment. The section does not, however, foreclose respondent's discretionary exercise of independent authority respecting the application of periods of limitation as they may affect a correction of assessment based upon an erroneous method of allocation of income (see *Matter of American Can Co. v State Tax Comm.,* 13 AD2d 175, mot for lv to app den 11 NY2d 643). ¶ The fact that the Commissioner was free to pursue a tax deficiency reassessment, while petitioner was precluded from asserting a claim for a refund for the same tax year, resulted in an inequity. Remedial action by the Commissioner was required under his discretionary authority pursuant to subdivision 4 of section R46-77.0. An administrative determination founded upon such a substantial inequity was arbitrary and capricious and an abuse of discretion. The result was irrational (*Matter of Kreiss v New York State Tax Comm.,* 92 AD2d 1048, 1049) and the determination should be annulled. Settle order. Concur — Ross, J. P., Asch, Fein, Milonas and Alexander, JJ.