■ In the Matter of NEKOOSA PAPERS, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

Petitioner, a Wisconsin corporation doing business in several states, was the owner of a paper mill located in the Town of Potsdam, St. Lawrence County, until August 1977. The Potsdam mill was purchased by petitioner in 1957 for the production of business communications paper. In the early 1970s, petitioner decided to close the Potsdam facility for economic reasons. The phaseout of operations at the mill was completed by December 1974. This included shutting down the mill's two paper-making machines and the discharge of production employees.

In 1974, the Potsdam mill averaged net sales over $1,000,-000 per month through September. Net sales in 1975 were $66,558 in January and $2,769 in March, representing the liquidation of existing assets. There were no sales in 1976.

Petitioner's general ledger reflects the presence of inventory (stock) at the Potsdam mill through the end of the 1976 tax year. During 1975 and 1976, the Potsdam mill was petitioner's only facility in New York. In August 1977, the mill was sold by petitioner to the Potsdam Paper Company.

Petitioner filed New York corporation franchise tax reports for 1975 and 1976. The method used by petitioner to compute those taxes is at issue in this case. The tax is computed pursuant to a statutory formula designed to determine the portion of a company's net business income to be allocated to, and thus taxed in, New York. A company's business income is multiplied by a business allocation percentage determined by (1) a property factor, (2) a receipts factor, and (3) a payroll factor (Tax Law § 210 [3] [a]; *Matter of Condé Nast Pub. v State Tax Commn.,* 51 AD2d 17, 18, *lv denied* 39 NY2d 889, *appeal dismissed* 39 NY2d 942). The State Tax Commission has discretion to exclude a factor, include alternative factors or make adjustments if it determines that the standard formula does not properly reflect the taxpayer's activity, business or income in New York (Tax Law § 210 [8]).

At issue in this case is the method of computation of the second factor, that is, the receipts factor, of the business allocation percentage. Petitioner calculated the receipts factor for 1975 and 1976 according to the "origin basis" method. The origin basis method generally allocates to New York receipts on all sales of items produced at a New York facility (former 20 NYCRR 4.15 [repealed Aug. 31, 1976]). The origin basis method had been used by petitioner in all previous years of its operations in New York.

Tax audits by the Department of Taxation and Finance for 1975 and 1976 determined that petitioner was required to calculate the receipts factor of the business allocation by the "destination basis" method. Under the destination basis, receipts from the sale of property are allocated to New York when shipments of such property are made to points in New York (20 NYCRR 4-4.2). By using the destination basis, the Department determined that petitioner had tax deficiencies of $36,359.68 plus interest for 1975 and $52,086.10 plus interest for 1976. After a hearing, the Tax Commission sustained the notices of deficiencies. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner contends that it was not subject to corporate franchise taxes in 1975 and 1976 since it had closed its only New York operations prior to the years in question. This

contention is without merit. It is undisputed that petitioner owned the mill in Potsdam during 1975 and 1976 (see, Tax Law § 209 [1]; 20 NYCRR 1-3.2 [d]; former 20 NYCRR 1.6 [b] [repealed Aug. 31, 1976]). Moreover, the Tax Commission found that petitioner had inventory at its Potsdam mill during 1975 and 1976 (see, 20 NYCRR 1-3.2 [b] [1]; [c] [1]). Although petitioner disputes this factual finding, the record contains substantial evidence supporting the Tax Commisison's factual finding (see, Matter of Delia v Chu, 106 AD2d 815, 817).

Petitioner next argues that the Department arbitrarily applied the "destination basis" method for 1975 and 1976 rather than the "origin basis". Petitioner's argument is based on two factors: (1) that petitioner continued to use the origin basis for all business years after the 1968 statutory amendment which adopted the destination basis* and the Department did not object until 1975, when the destination basis would produce a higher tax, and (2) that the regulations of the Department set forth the origin basis method until August 1976 when amendments were promulgated to conform the regulations to the underlying statute.

The first part of petitioner's argument is essentially an estoppel argument based on the Department's past practices. However, estoppel does not apply to State agencies, such as the Department, acting in a governmental capacity (Matter of Turner Constr. Co. v State Tax Commn., 57 AD2d 201, 203). Accordingly, the Department's acceptance of the origin basis method in prior years does not prevent it from applying the destination basis method for 1975 and 1976.

The second aspect of petitioner's argument brings two fundamental principles of administrative law into apparent conflict. On the one hand, an agency is generally bound by the clear wording of its own regulations (Matter of International Harvester Co. v State Tax Commn., 58 AD2d 125, 127). On the other hand, agencies have no authority to create rules out of harmony with or inconsistent with the plain meaning of statutory language (see, e.g., Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539). It is undisputed that Tax Law § 210 was amended in 1968 to provide for the receipts

---

* In 1968, the Tax Law had been amended to replace the origin basis with the destination basis as a method authorized for determining the receipts factor (Tax Law § 210 [3] [a] [2] [A], as amended by L 1968, ch 557). The regulations of the Department, which had provided for the use of the origin basis, were not amended to conform with the law until 1976 (20 NYCRR 4-4.2 [filed Aug. 31, 1976, eff for taxable years beginning Jan. 1, 1976]; see also, former 20 NYCRR 4.15, repealed 1976 [provided for the origin basis]).

factor to be determined by the destination basis. The parties also agree that the regulations of the Department were not changed to conform with the statute until 1976.

The principle that an agency is bound by its own regulations is not applicable here, however. Such a rule is only applicable to situations where an agency acts within its authority and, accordingly, where the regulations are valid. In the instant case, the Department simply failed to amend its regulations to conform with the statute. Consequently, while we cannot condone the Department's laxity, the fact remains that the regulations were outdated and petitioner's reliance on them was misplaced.

Finally, contrary to petitioner's assertion, a review of the record reveals that it was not arbitrary and capricious for the Tax Commission to refuse to exercise its discretion under Tax Law § 210 (8) to permit use of the origin basis method. The determination must, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.