■ In the Matter of Roslyn L. Willett, Petitioner, v Roderick G. W. Chu et al., Constituting the New York State Tax Commission, Respondents.—Harvey, J.

The primary issue on this appeal is whether petitioner's occupation, which consists of consulting in the fields of public relations and food service, is a profession within the meaning of the now-repealed unincorporated business tax. Respondents determined that her activities did not fall within the exemption for professionals provided by Tax Law former § 703 (c) (repealed by L 1978, ch 69, §§ 7, 30) and thus assessed her $424.69 plus interest for the year 1975. We conclude that this determination is supported by substantial evidence.

This court has stated that the criteria for determining whether certain activities constituted the practice of a profes-

sion are: "(1) the long-term educational background required for a degree prior to engaging in the occupation; (2) a license requirement indicating qualifications have been met for engaging in the occupation; (3) control of the occupation by standards of conduct, ethics and malpractice liability; and (4) whether a corporation may carry on the occupation" *(Matter of Cissley v New York State Tax Commn.,* 98 AD2d 899, 900). Here, while college degrees are offered for the occupations petitioner is engaged in, they are not required. She was not required to obtain a license to carry on her activities. Nor were those engaged in her area of work required to adhere to a code of ethics. Furthermore, petitioner presented no evidence from which it could be concluded that a corporation may not carry on her activities. Based upon the facts presented, we are unable to conclude that respondents' determination was not supported by substantial evidence.

We find meritless petitioner's further contention that respondents should be estopped from assessing her the tax in question because an attorney representing respondents stipulated that her activities constituted the practice of a profession. Estoppel is rarely employed against the State Tax Commission *(see, e.g., Matter of Nekoosa Papers v Chu,* 115 AD2d 821, 823). Where, as here, there is not a written agreement signed by a member of the Tax Commission, the doctrine of estoppel will not be invoked to prevent collection of taxes lawfully due under the provisions of the unincorporated business tax *(Matter of Classic Pools v New York State Tax Commn.,* 90 AD2d 621, 622).

Petitioner next contends that respondents' determination caused her to be treated differently from other similarly situated taxpayers. We cannot agree. Respondents have consistently determined and the courts have consistently held that the activity of consulting does not constitute the practice of a profession *(see, e.g., Matter of Tripp v State Tax Commn.,* 53 AD2d 763; *People ex rel. Herman v Murphy,* 14 AD2d 473, *lv denied* 11 NY2d 642; *Matter of Sheahan v Murphy,* 12 AD2d 713; *see generally,* 58A NY Jur, Taxation, § 642, at 69-71 [1977]).

Lastly, petitioner asserts that she should not be subject to penalties for failing to file the unincorporated business tax form because she was following the advice of her accountant. However, petitioner has not been assessed any penalties. She was only assessed for the tax due plus interest.

Determination confirmed, and petition dismissed, without

costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.