■ In the Matter of ROSLYN WILLETT, Petitioner, v JOHN P. DUGAN et al., Constituting the Tax Appeals Tribunal, Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of the Tax Appeals Tribunal which sustained an unincorporated business tax assessment imposed under Tax Law former article 23.

The issues presented for our review in this proceeding are (1) whether the Tax Appeals Tribunal's determination that petitioner was not engaged in the practice of a profession within the meaning of Tax Law former § 703 (c) was supported by substantial evidence, and (2) whether the procedures used in determining petitioner's unincorporated business tax liability deprived her of due process of law. We find that the determination was supported by substantial evidence and that petitioner was not deprived of due process of law. The determination should therefore be confirmed and the petition dismissed.

The substantial evidence issue is controlled by our prior decision involving the same issue, the same taxpayer and very similar facts (see, Matter of Willett v Chu, 124 AD2d 375). Consequently, we reach the same conclusion here. Petitioner has not met her burden of demonstrating that her business activities constituted "the practice of a profession" within the meaning of Tax Law former § 703 (c) (see, Matter of Koner v Procaccino, 39 NY2d 258, 262-263).

Petitioner contends that she was deprived of due process of law in that (1) she was not given adequate information concerning how to comply with the Tax Law, (2) a stipulation made in a 1982 hearing on the assessment of her unincorporated business tax for 1975 was unfairly reversed and therefore not available to her in the present proceeding, (3) the Tax

Appeals Tribunal was not an impartial decision-maker, and (4) the subsequent repeal of Tax Law former article 23 indicates that the Legislature considered that it was applied unfairly. We reject these contentions.

Petitioner's first lack of due process argument is without merit. Petitioner was afforded adequate information concerning compliance with the Tax Law. Published rules and regulations (see, 20 NYCRR 203.11), as well as decisions of the State Tax Commission, were available to her. Respondents complied with petitioner's demand for a list of occupations which qualified for exemption as professions through a letter from the Department of Taxation and Finance (hereinafter the Department) explaining the exemption and citing to regulations which listed 18 professions recognized by the Tax Commission. The Tax Appeals Tribunal indicated that the list given petitioner by a State tax auditor was not compiled by the Tax Commission but by the Department's Audit Division as an instruction to auditors.

Petitioner's next contention, that the reversal of the 1982 stipulation precluded its use in evidence at the hearing in this proceeding depriving petitioner of due process, is also without merit. It is sufficient to note that such reversal was of no consequence to petitioner in this proceeding because it was only binding in the 1982 proceeding and could have no effect on this or any other proceeding (see, 20 NYCRR 3000.7 [e]). Moreover, in *Matter of Willett v Chu (supra)* this court held that the stipulation did not estop collection of lawfully due taxes under the unincorporated business tax against petitioner in 1975 (see, supra, at 376).

We also reject petitioner's third lack of due process argument, i.e., that the Tax Appeals Tribunal was not impartial because two of its members had been involved on the side of the Department against petitioner in previous disputes before the Tax Commission. There is no evidence that either member was actually prejudiced or had prejudged the specific facts of petitioner's tax dispute in this proceeding or that either member had any personal role in this proceeding (see, *Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158, 161-162).

Finally, we also reject petitioner's claim that she was denied due process in that the subsequent repeal of Tax Law former article 23 was a recognition by the Legislature that the law was interpreted unfairly and therefore was unconstitutionally applied to petitioner. The letters of individual legislators do not express the legislative intent (see, 56 NY Jur, Statutes,

§§ 181-188, at 643-648). The Legislature, when repealing Tax Law former article 23, did not give the repeal retroactive effect and allowed the payment of taxes accrued under the law up to the date repeal was effective (see, Tax Law former art 23, repealed by L 1978, ch 69, § 7, eff Dec. 31, 1982). This indicated that the Legislature did not consider the repealed law unconstitutional. Further, the fact that different occupations were afforded different tax treatment under Tax Law former article 23 did not constitute the invidious discrimination prohibited by the Equal Protection Clauses of the Federal or State Constitutions (see, Matter of Koner v Procaccino, 39 NY2d 258, 262, supra).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.